Delafield agt. Holbrook.

———◆◆———

## NEW YORK SUPERIOR COURT.

HENRY DELAFIELD agt. WILLIAM R. HOLBROOK and ELIZA-
BETH T. HOLBROOK, executors, &c.

An action being brought upon the following agreement in writing, to wit: "For
value received, I hereby guaranty to H. & W. Delafield, that the bond of the
Newfoundland Electric Telegraph Company, No. 19, for £200 sterling, shall be
of the value of $960 on the 7th day of March, 1855, at which price and at which
date I will purchase the same if offered to me.   New York, March 8, 1853.   D.
B. HOLBROOK":

*Held,* that the agreement contained two separate and distinct contracts—a contract
of *guaranty,* and a contract of *purchase.*   That is, after the statement of guar-
anty expressing a good consideration, the latter clause, "at which price and at
which date I will purchase the same if offered to me," did not change the whole
contract to one merely of purchase upon condition of a tender.   (BARBOUR, J.,
*dissenting.*)

*New York General Term, August,* 1862.

THIS action was brought upon the following instrument
in writing : " For value received, I hereby guaranty to H.

& W. Delafield, that the bond of the Newfoundland Electric Telegraph Company, No. 19, for two hundred pounds sterling, shall be of the value of nine hundred and sixty dollars, on the 7th day of March, 1855, at which price and at which date I will purchase the same if offered to me. New York, March 8, 1853.          D. B. HOLBROOK."

Upon the trial it was proved by the plaintiff that the bond was of no value on the 7th of March, 1855 ; but there was no evidence that such bond was upon that date, or at any time prior to the death of Holbrook, which subsequently occurred, offered to him to purchase.    The defendants thereupon moved to dismiss the complaint, upon the ground, first, that the guaranty expresses no legal consideration ; and secondly, that there was no proof that the bond was ever offered to Holbrook.    The motion was refused, and verdict rendered for the plaintiff for the amount claimed, subject to the opinion of the general term.

LEWIS L. DELAFIELD, *for plaintiff.*

I.  This agreement may be regarded either as a contract of guaranty, or as a contract of purchase and sale, at the option of the plaintiff.

*a.* It consists of two distinct parts, each a complete contract in itself.

1.  Mr. Holbrook guarantied that the bond in question should be worth $960 on the 7th of March, 1855.

2.  He agreed to purchase the bond at the date and price if offered to him, the intention evidently being to secure to the plaintiff the sum of $960, either by Mr. Holbrook's purchasing the bond at its par value, or by paying the plaintiff the difference between this value and its market value on the 7th of March, 1855.

The option of keeping or parting with the bond was necessarily left with the plaintiff.    This is the only construction which will give their natural force and effect to

all the parts and words of this agreement, and that harmo-
nizes with the rules that instruments are to be construed
*contra proferentem*, and *ut res magis valeat quam pereat.*

II. This agreement cannot be held to be an entire con-
tract without disregarding all these rules of construction.
As an entire contract, it is impossible to give effect to more
than one-half of the agreement; it is then either a guar-
anty only, or an agreement of sale only. It cannot be both
at the same time, for the former contemplates the plain-
tiff's retaining the bond, and the latter his parting with it.
And there is rather more reason in the plaintiff's insisting
that the agreement is a guaranty only, than there is in the
defendants' claiming that it is a contract of sale only,
because when clauses are repugnant and incompatible, the
earlier prevails in deeds and other instruments *inter vivos.*
(2 *Parsons' Con.*, 26.) If the contract be entire, and is to
be construed as an agreement of sale, the whole of the first
portion is disregarded. But courts will, when possible,
give effect to all the parts and words of contracts; and
hence BOSWORTH, Ch. J., says of a similar agreement: "As
an original undertaking or agreement, the point is free
from difficulty; as an agreement within the statute of
frauds it is good on its face, according to the recent case
of *Miller* agt. *Cook*, (22 *How. Pr. R.*, 66.)" And ROBERT-
SON, J., says: "The agreement gave the plaintiffs the
option to sue on the contract of indemnity, a guaranty of
value for the difference between the named and the market
price, or for a price fixed on a tender of the bond; and in
either case I do not think the statute would apply." (*How-
ard* agt. *Holbrook*, 23 *How. Pr. R.*, 64.)

III. The plaintiff, having the option, has elected to treat
this agreement as a guaranty. It was therefore unneces-
sary that he should offer any proof that the bond was offered
to Holbrook to be purchased.

IV. This agreement, when construed as a guaranty, is per-
fectly valid and binding. (*Miller* agt. *Cook*, 23 *N. Y. R.*, 495.)

V. The court should direct judgment for the plaintiff upon the verdict.

R. GOODMAN, *for defendants.*

I. The manifest intention of the parties to the guaranty was, that the bond referred to in it should be offered to the guarantor at the time named in the guaranty, and that he should then have the privilege of purchasing the same. This intention is always the paramount rule for the inter-pretation of every contract.

II. The offering the bond to the guarantor at the time specified in the guaranty was a condition precedent to his liability. (*Antrobus* agt. *Davidson*, 3 *Meriv.*, 569 ; *Samuel* agt. *Howarth*, 3 *Meriv.*, 272, &c. ; *Elworths* agt. *Maunder*, 2 *Moody & P.*, 482 ; *Pearse* agt. *Mourice*, 2 *Adolp. & El.*, 84 ; *Musket* agt. *Rogers*, 5 *Bing. N. C.*, 728 ; *Hunt* agt. *Smith*, 17 *Wend.*, 179.)

III. The option accorded to the guarantor was for his benefit, and was equivalent to a demand being required upon him before the bond could be sold for less than its nominal amount, or he in any wise made liable. (*Alcock* agt. *Blowfield, Noy*, 95 ; *Russell* agt. *Buck*, 11 *Vermont R.*, 166 ; *Payne* agt. *Ives*, 3 *Dowl. & Ry.*, 664 ; *Theobald on Prin. and Surety*, 139 ; *Howard* agt. *Holbrook, N. Y. Sup. Court, March*, 1862, *reported How. Pr. R.*, *vol.* 23, *p.* 64.)

IV. Judgment should be for the defendants, dismissing the complaint with costs.

ROBERTSON, Justice. In the recent case decided at a gen-eral term of this court, (*Howard* agt. *Holbrook*, 23 *How. Pr. R.*, 64,) I had occasion to consider a precisely similar agreement as that now before the court, and to say that the plaintiff had his option between the contract of guaranty and that of sale ; assuming that there could be no contro-versy that there were two such contracts in the instrument

in question. A still further examination and consideration have not shaken my views there expressed.

A contract to guaranty the value of an article, and one to purchase it, arise from the use of different words and lead to different results and obligations; the first requiring a consideration to support it, and the second by the mutual agreement to buy and sell. No one could have the slightest doubt that if this instrument had ended with the date of March 7, 1856, it contains as complete a contract of guaranty as could have been drawn. The words " for value received," expressed the consideration, and implied something more than the future payment of the expected value; " guaranty that the value shall be" is peculiarly expressive of such an undertaking, and does not approach in any way the language of an undertaking to purchase. The question remains whether the addition of the words " at which price and at which date I will purchase the same if offered to me," change the whole contract to one merely of purchase upon condition of a tender.

There is no inconsistency between the two clauses of this instrument, no indication that the second was meant to qualify the first, and no necessity of reconciling any conflicting meanings. There is no impossibility arising from grammatical rules of their containing two distinct obligations. Instead of the relative pronoun " which," the parties might have employed a conjunction and the demonstrative pronoun " that," so as to have read, " and I will purchase the same if offered to me at that time and at that price." Relative pronouns have precisely that effect; the sentence does not remain the less double because of their use. It contains two undertakings, " I hereby guaranty the value," and " will purchase," whether there be one sentence or two. A deed by which A conveyed to B certain premises, the title to which A warranted, would not the less operate as a conveyance because it contained the warranty, which referred to the premises by a relative pronoun.

There is no more authority for making the agreement to purchase predominate over and absorb the contract of guaranty, than for making the latter, which comes first, control the former. The " value received" was stated to be for the guaranty, and not for the agreement to purchase. If the order had been inverted, placing the contract for purchase first, so as to have read, " I will buy such a bond at such a price, on such a day, if offered to me, whose value I guaranty shall be such a price," would the last part be rejected as surplusage ? Did any one ever before draw a simple agreement to buy in the form in which this instrument is drawn, placing the main idea last, and thrusting in a guaranty before it ? I cannot doubt that the legal effect of every word of the instrument expressed the intention of the parties, and was necessary to do so.

Interpreted as a double agreement, the object is very plain. It is not to be assumed that the defendants' testator believed or expected the bond mentioned would be entirely worthless. He wished the plaintiff to retain it in his possession for two years ; he therefore guarantied that the value should be a certain sum at the end of that time. This would, however, give the plaintiff the right to recover only the difference between the actual and claimed value, retaining the bond ; but he intended to give the plaintiff the option to recover the whole of the sum named on giving up the bond, if he preferred it.

A mere agreement to sell and buy would deprive the plaintiff of the right of retaining the bond, being indemnified against loss. Besides, such an agreement would require the plaintiff to tender on the day, which he might not be able to do, (see Howard agt. Holbrook, ubi sup.,) whereby the defendants' testator would escape all liability ; whereas the liability on a contract of guaranty would be fixed on the day named, and could not be increased or diminished afterward.

I do not consider it very hard that the bond, on being

paid its inferiority of value to the sum named, should be retained by the plaintiff. What the value received was that induced the defendants' testator to agree thereto does not appear; he may have sold the bond to the plaintiff at the price at which he agreed to take it back, and in such case he ran the risk of its falling in value, instead of the plaintiff. It is sufficient that the defendants' testator agreed that the plaintiff might so retain such bond, receiving the difference of its value.

I am opinion, therefore, that the plaintiff should retain his verdict for the amount which has been given in his favor, and have judgment for the amount, with costs.

WHITE, J., concurred.

BARBOUR, J., *dissenting*. The words " for value received," in an instrument of this kind, undoubtedly express a sufficient consideration to support it. (*Howard* agt. *Holbrook*, 23 *How. Pr. R.*, 64.)

The sole question for consideration, therefore, is, whether the offer of the note to Holbrook for purchase, at the time, in that regard mentioned in the contract, was a condition precedent to a recovery under the guaranty.

The counsel for the plaintiff claims that two distinct and several undertakings on the part of the obligee are embraced in the contract in this case; one being purely a warranty that the bond shall be worth $960 upon a certain day, and the other, an undertaking by Holbrook that on the day designated he will buy it for that sum, if offered to him; and that the defendants had a right, either to present the bond and require Holbrook to purchase it, or to proceed against him upon the guaranty without such presentation. Upon an examination, however, it will be found that the contract signed by Holbrook consists of one continuous sentence, not susceptible of a division, and it appears to me to contain but a single proposition or undertaking, to wit, a guaranty on the part of Holbrook that the bond shall be worth $960 to the plaintiff and his then part-

Delafield agt. Holbrook.

ner, at the end of two years from that date ; which under-
taking he agreed to perform so as to render the same
effective in a particular manner, that is, by purchasing the
bond if presented to him for that purpose, on the day men-
tioned in the agreement, and paying therefor the amount
he had covenanted it should be then worth.

This construction, I think, is perfectly consistent with the
probable design and intention of both parties. The obligors,
clearly, designed nothing further than to receive $960 for
their bond ; for that is all they would be entitled to under
either construction. The mere guaranty secured to them
that, and the provision for the purchase of the instrument
was therefore worthless to them. But it is quite reason-
able to suppose that Holbrook designed, at the time he
signed the guaranty, to provide for his own safety against
loss by selling the bond to some one else conditionally
during the two years which were to elapse before he was
to pay for it, or that he hoped to realize something on the
sale of the bond at some future time, in case he should be
compelled to purchase it, and it is difficult to believe that
the parties designed to permit the obligees to deprive him
of this very equitable right, at their option, by retaining
the bond in their own hands after they had received from
him its full value.

I am of opinion, therefore, that the contract signed by
Holbrook, must be considered as simply an agreement to
purchase the bond at the price fixed, provided it should
be presented to him for that purpose, on the 7th of March,
1855, and that such presentation was necessary to entitle the
plaintiff to recover against Holbrook or his personal repre-
sentatives upon the contract. In this view of the case it is
unnecessary to consider what would have been the duty of
the plaintiff as obligee in a mere covenant of guaranty.

The verdict should therefore be set aside as contrary to
evidence, and a new trial granted, with costs, and costs of
appeal.