### KELLY *v.* SMITH.

*(Common Pleas of New York City and County, General Term.   December 7, 1891.)*

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—ASSIGNEES.

A lessee sublet the premises for the residue of his term, to defendant, and then assigned to plaintiff this "indenture of lease," "with all the premises therein mentioned and described;" but he did not assign the lease under which he himself held. Plaintiff brought summary proceedings against defendant (the subtenant) to recover possession, claiming as "assignee of the landlord" under Code Civil Proc. § 2235, authorizing such proceedings.  *Held*, that plaintiff had only a bare right to receive the rents, and could not maintain dispossessory proceedings; for the lessee had already parted with all his interest in the term before the assignment.

Appeal from district court.   Reversed.

Summary proceeding by Mary I. Kelly against Elliott E. Smith.   There was judgment for plaintiff, and defendant appeals.

In 1885, Alfred Corning Clark, owner of the fee, let the premises to Thomas P. Kelly for a term of 10 years.   On 15th January, 1891, Kelly sublet for the residue of the term to the defendant, Smith.   On 13th June, 1891, Kelly assigned the Smith lease to the respondent, Mary I. Kelly, and she was the petitioning landlord in the proceeding.   Kelly's lease from Clark was not assigned to defendant.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Thomas G. Evans*, for appellant.    *A. Hamilton Reavey*, for respondent.

PRYOR, J.   The contention of the appellant is that on the evidence the respondent sustained no such relation to the term or to the tenant as would give the court jurisdiction to entertain the proceeding; and that, therefore, there was error in denying the motion to dismiss it.   The point presented appears to be without precedent; nevertheless, upon familiar principles, its solution is neither difficult nor doubtful.   Declaring the law as it had been ruled theretofore, and as it has been uniformly held since, in 1862 this court said: "From the time the statute was passed authorizing summary proceedings for the recovery of the possession of land to the present day, it has been uniformly held to be applicable only where it is shown that, as between the party applying for the summons and the party in possession, the conventional relation of landlord and tenant exists, created by agreement between them, and not by mere operation of law.   It can only be instituted when the party in possession has by some act or agreement recognized the other as his lessor or landlord, and takes upon himself the character of tenant, so that he is not at liberty afterwards to dispute his title."   *Imbert* v. *Hallock*, 23 How. Pr. 456, 460; *Benjamin* v. *Benjamin*, 5 N. Y. 383; *People* v. *Simpson*, 28 N. Y. 55; *People* v. *Howlett*, 76 N. Y. 574; *In re Hosley*, (Sup.) 9 N. Y. Supp. 752. It must appear that "the applicant is entitled to the actual possession, and that the occupant holds in opposition to his title."   *People* v. *Andrews*, 52 N. Y. 445.   Here no tenancy by estoppel is pretended against the appellant; but the respondent founds her right to relief explicitly and exclusively upon the ground that "the conventional relation of landlord and tenant, in the strict technical sense," exists between the respondent and appellant.   Although there was no demise by the respondent to the appellant, yet by express provision of the statute the proceeding may be maintained by an "assignee of the landlord," (Code, § 2235;) and the respondent stakes her case upon the proposition that she is the assignee of appellant's landlord.   But, to be an assignee within the statute, she must "hold the entire estate of the landlord in the term demised to the tenant against whom the proceeding is had."   *Imbert* v. *Hallock*, 23 How. Pr. 402.   It is evident beyond controversy that the respondent does not hold the entire estate of her assignor, Thomas P. Kelly, in the term demised to Smith, nor, indeed, any interest in it whatsoever.   In *Demarest* v. *Willard*, 8 Cow. 206, a lessor for a term, with covenants by the lessee to

pay rent and leave in repair, made an indorsement on his lease assigning the rent and "the within lease;" and the court, by SAVAGE, C. J., said: "It was perfectly within the power of the plaintiff to have assigned the rent to one, and the reversion to another; but he conveyed nothing besides the rent, unless something more passsed by the words, 'the within lease.' If anything was intended more than the instrument itself, it must be the plaintiff's interest in the premises during the term. I am satisfied that nothing more than the rent was assigned." In *Huerstel* v. *Lorillard*, 6 Rob. (N. Y.) 260, Lorillard demised to Hurlburt, and afterwards assigned to Huerstel "the agreement of lease" with Hurlburt, and "all the right, title, and interest therein and thereto, and to the rents, issues, and profits arising, and thereafter to arise, during the whole term, and to the covenants and agreements therein contained." Held, by MONELL, J., that, "beyond an assignment, the lessor does not transfer to the assignee any interest whatever in the demised estate. He simply sets over to the assignee the covenant of his tenant to pay the rent, and with it the right to compel performance of such covenant by action; and he cannot resort to any measures to regain possession of the demised premises." Page 262. On appeal, ROBERTSON, C. J., at general term, approved the doctrine thus enunciated by MONELL, J. 7 Rob. (N. Y.) 267.

In the case before us, the lessee, Thomas P. Kelly, did not assign to the respondent the lease from his landlord, by which alone he held any title to the premises; but his assignment to the respondent was only of the "indenture of lease" to Smith, "with all and singular the premises therein mentioned and described, and the buildings thereon, together with the appurtenances." On the authority of *Demarest* v. *Willard* and *Huerstel* v. *Lorillard, supra*, it would seem that, by the assignment of Thomas P. Kelly to the respondent, no estate in the premises or interest in the term was conveyed, but only a right to the rents,—a right which, though enforceable by action, constitutes no title to maintain the present proceeding. But however that may be, and however apt and explicit the phraseology in the assignment of Thomas P. Kelly to the respondent to convey an estate in the premises and an interest in the term, it was inoperative and ineffectual for that purpose, for the obvious and all-sufficient reason that he then had no such estate or interest to transfer; for by an instrument which, though in form a lease, was in legal effect an assignment, (*Woodhull* v. *Rosenthal*, 61 N. Y. 389,) he had already conveyed to the appellant Smith all his interest in the term and all his estate in the premises. *Non dat qui non habet*. Broom, Max. 467. As lessee of Clark, Thomas P. Kelly assigned his term to appellant, Smith; and, since he had no reversionary interest, this conveyance necessarily divested him of all his estate in the premises. As lessor of Smith, Thomas P. Kelly assigned to the respondent whatever interest he had, namely, a bare right to receive the rents,—a mere chose in action, which carried with it no claim to possession, and no title to maintain this proceeding. Authorities *supra*. The respondent having no right to institute the proceeding, the justice should not have entertained it, and there was error in denying appellant's motion to dismiss it. It is probable, on the evidence, that the assignment to the respondent was fictitious and inoperative, and also that the appellant's plea of payment was substantiated; but since, for the reason given, the order must be reversed, we forbear to consider other objections to it. As appellant's term is to continue until 1st June, 1895, justice requires that it be restored to him. Order reversed, and restitution directed, with costs.