### KELLY *v.* SMITH.

*(Common Pleas of New York City and County, General Term.   March 7, 1892.)*

Motion by plaintiff (respondent) for reargument. Denied. For decision on appeal, see 16 N. Y. Supp. 521.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

PER CURIAM. Counsel for respondent is in error in assuming that the decision of the general term on the argument of the appeal herein (see opinion in *Kelly* v. *Smith*, 16 N. Y. Supp. 521) was predicated upon a denial of the existence of the relation of landlord and tenant between the respondent's assignor and the appellant, Smith, and the case (*Stewart* v. *Railroad Co.*, 102 N. Y. 601, 8 N. E. Rep. 200) referred to on this motion as having been overlooked and in conflict with the decision made is irrelevant to the question involved in the appeal. Careful perusal of the opinion will not fail to convince counsel that what the court decided was that the right to re-enter for breach of a condition subsequent was not assignable to or enforceable by one not vested with the reversionary estate, and that as, in contemplation of law, the alleged sublease by respondent's assignor to Smith for a period covering his entire term operated as a prior conveyance of all the estate granted by Clark, the original lessor, no estate whatever in the leasehold premises passed to the respondent by the subsequent assignment to her. We adhere to the validity of the principle governing the decision. See, in addition to the authorities referred to in the opinion, those collated in *Sexton* v. *Storage Co.*, (Ill. Sup.) 21 N. E. Rep. 920. Motion for reargument denied, with $10 costs.