G-ieg-erich, J.
The sole question presented for solution by this appeal is, whether the instrument made by Mrs. Schultheis to the appellant operated as an assignment of the entire estate of the former in the Chasse lease, or as a sub-lease. “ An assignment, as applied to leasehold interests, is properly defined to be a transfer or making over to another of the right one has in the unexpired residue of a term or estate for years. Though the interest be future, as a term of years to commence in futuro, the transfer is valid, because the interest is vested in presentí, though it does not take effect till a future time.” Me Adam on Landlord and Tenant (2d ed.), 269.
“An assignment, as contra-distinguished from an under-lease, signifies a parting with the whole term.” Id. p. 269.
Where the alienor by any instrument whatever, whether reserving conditions or not, parts with his entire interest, he has made a complete assignment; or if he, has transferred his entire interest in a part of the premises, he has made an assignment pro tanto. If he retain h reversion in himself he has made a sublease. Woodhull v. Rosenthal, 61 N. Y., 382, 391; Stewart v. Long Island R. R. Co., 102 N. Y., 601, 607-612 ; 2 St. Rep., 551; see Kelly v. Smith, which was decided by this court, and reported in 16 N. Y. Supp., 521; 41 St. Rep., 620. It is immaterial what form of instrument is used, whether it purports to be an assignment or1 a new lease (see cases last cited). The circumstances that the second lease reserves a different rent or right to a re-entry for breach of condition are immaterial. Stewart v. Long Island R. R. Co., supra. It is essential to an undertenancy that it be of apart only of an unexpired term. Bedford v. Terhune, 30 N. Y., 454, 457 ; Woodhull v. Rosenthal, supra ; Stewart v. Long Island R. R. Co., supra.
This case is distinguishable from Collins v. Hasbrouck, 56 N. Y., 157 ; and the cases cited by Bapallo, J., in his elaborate opinion in Stewart v. Long Island R. R. Co., supra, at page 613. In those cases the sub-lease provided for the surrender of the premises by the lessee to the lessor at the end of the term, while in the case before us the instrument to the appellant does not provide to whom he shall surrender the premises at the expiration of the term. Applying the principles of the decision in Stewart v. Long Island R. R. Co., Kelly v. Smith, and Woodhull v. Rosenthal, supra, to the present case, it must be held, that the effect of the demise of Mrs. Schultheis to the appellant of the premises occupied by the respondent for a period equal to her own term therein under the Chasse lease, was to 'divest her of any reversionary right in the *335 demised estate and premises; and the appellant as the assignee of his said alienor succeeded to her entire estate and interest in the premises in controversy.
The final order should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event