Huggins *v.* King.

GREENE SPECIAL TERM, May, 1848.   *Harris*, Justice.

HUGGINS *vs.* KING and others

Where a party, having a good defence to an action commenced against him, is prevented, by a gross fraud of the plaintiff in the suit, and others, from setting up that defence, and a judgment is obtained against him, without any negligence or fault on his part, it is a proper case for relief in equity against the judgment.

Who are necessary and proper parties to a bill to set aside a judgment obtained by fraud.

IN EQUITY.   The bill stated that on the 24th day of December, 1839, the plaintiff gave his note to one Snyder for $90, upon which two payments of $40 each were subsequently endorsed.   That in February, 1840, he gave to the firm of Z. Pratt & Co. two notes, one for $40, the other for $20, which were afterwards transferred to the defendant Scudder.   That on the 8th day of January, 1845, the plaintiff obtained a discharge under the bankrupt act of 1841.   That the plaintiff resided at the time in Lexington in the county of Greene ; that the defendant King had been for several years a practising physician residing at Prattsville in the same county, and in 1844 or 1845 he removed to Cooperstown, and when he removed he placed his notes and accounts in the hands of Fitch & Sheldon, as his attorneys, for collection ; and among the demands so left was

Huggins v. King.

a note for $12 against one Jacob T. Huggins, who also resided
in Lexington.   That a short time previous to the 11th of June,
1846, Scudder, for the purpose of obtaining a judgment against
the plaintiff upon the two notes held by him against the plain-
tiff, fraudulently left them with Fitch & Sheldon; that the
note to Snyder was also left with the same attorneys about that
time.   That on the day last mentioned the defendant Sheldon
obtained from a justice of the peace of the town of Roxbury,
Delaware county, a summons in favor of the defendant King
against the plaintiff.   That having obtained the summons he
wrote upon the back of the note against Jacob T. Huggins, and
at the end thereof, the plaintiff's name, and delivered the note
thus filed or endorsed with the summons to the defendant
Scudder, with the fraudulent intent of having the summons de-
livered to a constable to be served and at the same time having
the note against Jacob T. Huggins exhibited by the constable
to the plaintiff as the demand for which the suit was brought
by King.   That Scudder delivered the summons and note to a
constable, and instructed him, when he served the summons, to
show the note, and when the plaintiff should say, as he would,
that there was a mistake about it, and that the note was not
against him, to say, that notwithstanding such mistake he
must serve his summons to save his fees; and accordingly when
the constable served the summons he did exhibit the note to the
plaintiff, and, upon being told by the plaintiff that the note was
against Jacob T. Huggins and not himself, and that he did not
owe King any thing, the constable replied that he must serve
the summons to save his fees.   That the plaintiff then requested
the constable to inquire of Fitch & Sheldon whether there was
a mistake about the note and whether they intended to appear
upon the return day of the summons, and if they did not intend
to appear, to write him to that effect, so that he might be saved
the necessity of appearing before the justice upon the return of
the summons.   That the plaintiff resided 24 miles from the
justice who issued the summons.   That the constable, pursuant
to the plaintiff's request, informed Mr. Fitch of the circum-
stances in relation to the note, and was told by him that neither

Vol. III.          78

he nor Sheldon, nor King, would appear upon the return day of the summons. Fitch also told him to write to the plaintiff to that effect, and he did write accordingly. That from what had passed between him and the constable, and the letter subsequently written by the constable, the plaintiff supposed the suit was dropped, and did not appear upon the return day of the summons.

That Sheldon appeared before the justice at the return day, and the summons having been returned personally served, declared upon the Snyder note and the two notes given by the plaintiff to Z. Pratt & Co. and obtained a judgment against the plaintiff for $97,48 debt, and $3,20 costs. The judgment was rendered on the 23d day of June, 1846.

The plaintiff charged that Sheldon and Scudder combined together to deceive and defraud him, and to deprive him of the defence he had against the notes upon which the judgment was recovered, and by their fraudulent acts prevented him from interposing the perfect defence which he had against the notes. It was also charged in the bill that Sheldon and Scudder both knew that the notes were barred by the statute of limitations and also by the discharge in bankruptcy.

The plaintiff, after he had been informed of the judgment, applied to King to have it discharged. He admitted that he had no claim upon the plaintiff, and stated that if such a suit had been commenced in his name it was without his knowledge or authority—but refused to cancel the judgment. The bill charged that King did not in fact authorize the commencement of the suit, and that Sheldon had no authority to appear for him before the justice, and prayed that the judgment might be decreed to be void, and that the plaintiff might be paid his costs.

The bill was filed against King, Scudder and Sheldon. The defendants Scudder and Sheldon demurred to the bill, and the cause was brought to hearing upon the demurrer.

*D. K. Olney,* for the plaintiff.

*F. J. Fitch,* for the defendants.

HARRIS, J.    Among the grounds of equitable jurisdiction enumerated by the elementary writers, is relief against frauds in verdicts, judgments, decrees and other judicial proceedings. (1 *Story's Eq.* § 252.    *Fonbl. Eq. B.* 1, *ch.* 1, § 3, *note f.*)    To induce a court of equity to grant relief against a judgment, it must appear that the party seeking relief was prevented from availing himself of his defence against the judgment by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part. (*Foster* v. *Wood.* 6 *John. Ch.* 87. *Vilas* v. *Jones*, 1 *Comstock*, 281.)    The case made by the bill is clearly within this rule.    The plaintiff had a good defence to the action in which the judgment was recovered against him. He was prevented from setting up that defence by a gross fraud practised upon him by the defendants.    There was no negligence or fault on his part.    Under these circumstances, assuming the bill to be true, as the demurrer does, it is a proper case for counteracting the judgment obtained by the defendants' fraud, by the interposition of the equitable jurisdiction of this court.

But it is contended that Scudder and Sheldon ought not to have been made defendants.    It is true that they were not *necessary* parties to a bill filed to set aside a judgment fraudulently obtained by the defendant King; but the facts stated are, I think, sufficient to prevent them from availing themselves of the objection that they ought not to have been made parties. Particular acts of fraud are stated.    A combination between these defendants is alleged, and the particular facts by which they accomplished their fraudulent purpose are stated.    A distinction has always been taken between general charges of combination and particular allegations of fraud.    The former are not sufficient to maintain a bill, but in the latter case the party may be called upon to answer the particular facts charged. (*Day* v. *Drake*, 3 *Sim.* 70.    *Plummer* v. *May*, 1 *Vesey*, 426.) The latter case was a bill filed to set aside a will, upon allegations that it had been fraudulently obtained.    One of the witnesses to the will was made a defendant, upon a charge that he was a party to the fraud.    It was held that he was a proper party.

*Bowles* v. *Stewart*, (1 *Sch. & Lef.* 209,) is a case very similar, in some of its features, to that in question. The plaintiff, having a suit pending in the Irish court of chancery, had been induced to accept a sum of money in satisfaction of his claim, and to execute a release and dismiss his bill. Having become dissatisfied with the settlement he had made, he filed a new bill against the defendant in the original suit, who was a gentleman residing in England, and who knew little of his affairs in Ireland, except through his agents. The object of the latter bill was to be relieved from the release he had executed, and the dismissal of his first bill, upon the ground that they had been obtained by fraud. Besides the former defendant, his solicitor and another person were made defendants; the bill charging that on behalf of the defendant they had conspired to procure from the plaintiff a release of his claim. On behalf of the solicitor it was urged that he was improperly made a party; that he had acted merely in the capacity of solicitor, and with zeal for the interest of his client. But Lord Redesdale said, " Although he was acting for his client, his duty as a solicitor did not bind him to assist his client in an act of injustice. He has properly been made a party. He was an acting party in the transaction and properly brought to a hearing, and ought to be chargeable with the costs, so far as they relate to the release, in case they cannot be recovered of the other defendant."

In this case the fraud was devised and perpetrated by the two defendants who insist that they are not proper parties alone. Though King is a necessary party for the purpose of avoiding a judgment recovered in his name, he had no knowledge of the transaction. Instead of being chargeable with costs only in case they cannot be recovered of King, these defendants ought to be held primarily chargeable; and King, if chargeable at all, only in case they cannot be recovered of Scudder and Sheldon.

The demurrer must be overruled with costs. The defendants may have thirty days to pay the costs and put in their answer. In case they do not elect to answer within that time, the bill is to be taken as confessed by them.