# N. Y. SUPREME COURT.

## Sarah J. Callender agt. William E. Callender.

*Action by a wife to restrain the use by a husband of a written confession of
adultery obtained from her by fraud and duress — Complaint — Demurrer.*

Where a husband, having obtained from his wife, by fraud and duress, a
confession, in writing, that she had committed adultery, commenced an
action against her for divorce upon the ground of adultery :

*Held,* in an action by the wife to restrain the use of such confession in
said divorce action, that it would be so great an injustice to allow the
defendant to use as evidence a confession obtained under such circum-
stances that a court of equity must interfere.

*Held,* also, that the wife has such an interest in this confession that she
can maintain an action to restrain its use in this way.   She has the
same interest in this confession that she would have in any letter which
might be written by her, and she could maintain an action to restrain
the improper publication of any letters which she might have written.

*Special Term, May,* 1877.

Van Brunt, *J.* — The defendant in this action having
obtained from the plaintiff, his wife, by fraud and duress, a
confession, in writing, that she had committed adultery, com-
menced an action against the plaintiff for a divorce upon the
ground of adultery.   The plaintiff, thereupon, commenced
this action to restrain the use of such confession in said
divorce action, alleging, among other things, that in case
such confession is offered in evidence in a divorce suit she
cannot show the fraud and duress by which it was obtained,
because the statutes of this State do not permit husband and
wife to be examined as witnesses in actions for divorce.
The defendant has demurred to this complaint, upon the

ground that it does not state facts sufficient to constitute a cause of action, and that the plaintiff has not legal capacity to sue.

The point made by the defendant in support of the demurrer is, that no case can be found in which a court of equity — since equitable defenses have been allowed in courts of law — have ever entertained a bill to restrain the introduction of any particular evidence in another action. I feel fully the force of the learned argument presented by the counsel for the defendant in support of the position claimed by him, and my attention has not been called to any case, upon the part of the plaintiff, which establishes the right of the court to entertain this action, but the dismissal of the plaintiff's complaint would enable the defendant to perpetrate so gross an injustice under the guise of the forms of law that it seems to me that any court which would refuse her protection from the frauds which have been practiced upon her (if we are to assume, as true, the allegations of the complaint, and which we must do upon this demurrer) by her husband, the defendant, would cease to be entitled to be called a court of equity. Courts of equity had their origin in the necessity which was felt of giving relief in cases of hardship where it would be refused under the rigorous rules of the law, and, in this case, by the peculiar law of this state, this piece of evidence extorted from her by force and fraud could be used against the plaintiff in the action against her for divorce without her being permitted to show that it was not entitled to be used as evidence against her. It is no answer to this suggestion to say that no divorce could be granted upon the strength of this confession, because it may very well be that this confession when presented to the jury would be the very piece of evidence which would incline the jury to find a verdict against her and which they might never do without it.

As I have said, although no precedent can be found for the maintenance of this action, it would be so great an

Callender agt. Callender.

injustice, to allow the defendant to use as evidence a confession obtained under the circumstances stated in the complaint, that a court of equity must interfere.

As to the other point raised, that the plaintiff, being a married woman, cannot maintain the action, it seems to me there is no difficulty in holding that the plaintiff has just such an interest in this confession as she would have in any letter which might be written by her, and it is conceded that she could maintain an action to restrain the improper publication of any letters which she might have written.

I think the demurrer should be overruled, with leave to defendant to answer upon payment of costs.