ALONZO GREENE, RESPONDENT, *v.* PRENTISS W. HAL- LENBECK AND JOHN I. HALLENBECK, APPELLANTS.

*Fraudulent representations — when the question of the defendants' prudence in relying upon them should be submitted to the jury.*

The defendants having at the request of one Perry and the plaintiff, who acted as Perry's attorney, signed as sureties an undertaking given by Perry upon an appeal from a judgment recovered against him, Perry, in order to secure the defendants against any liability thereon, confessed a judgment in their favor, the plaintiff acting as their attorney in the taking thereof. Thereafter the plaintiff falsely stated to the defendants that by signing the undertaking they became liable to pay the amount due to him for services rendered to Perry in the action, and that for any amount so paid they were secured by the judgment confessed in their favor, and the defendants, relying upon the said statement, allowed the plaintiff to take a judgment against them in a justice's court for $168.

In this action, brought upon the said judgment, the defendants set up the foregoing facts as a defense.

*Held,* that the questions as to whether or not the said facts were sufficient to establish the defense of fraud, and whether or not the defendants had omitted to exercise reasonable prudence and caution in acting upon the plaintiff's statement and advice, should have been left to the jury, and that the court erred in refusing to allow the evidence thereof to be submitted to them.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Griswold & Crowell,* for the appellants.

*S. L. Magoun,* for the respondent.

BOCKES, J.:

This action was brought on a judgment rendered in a Justices' Court, in favor of the plaintiff against the defendants, for $168.57.

The defense to be considered on this appeal was, that the judgment was procured and entered against the defendants fraudulently. This defense was set up as a third defense. The defendants offered to prove the facts stated in that defense, but the court held and decided that those facts did not constitute a defense, and no other being offered, a verdict was directed for the amount unpaid on the judgment. The question is whether the facts stated in the third defense showed, as there averred, that the judgment was procured by fraud.

In and by this defense it was averred in substance, but not in the same order and form, as follows, to wit: (1.) That the plaintiff at the time the judgment was obtained had no legal claim or cause of action against the defendants. (2.) That the plaintiff was an attorney and counselor of this court, and acted as such for one Perry in an action wherein one Lampman recovered judgment against Perry. (3.) That at the request of Perry and of the plaintiff the defendant entered into a bond or undertaking on an appeal by Perry from the aforesaid judgment against him. (4.) That to secure the defendants against liability on such bond or undertaking, Perry confessed a judgment to the defendants, the plaintiff acting as their attorney. (5.) That thereafter, and while the action was still pending on the aforesaid appeal, the plaintiff stated and represented to the defendants that Perry was indebted to him for services and expenses incurred in the conduct of that suit; that by reason of signing the bond or undertaking on appeal they had made themselves liable to him (plaintiff) therefor; and, further, that the judgment confessed by Perry to them secured and indemnified them for such liability; that they relied upon the statements and representations so made to them, and upon the advice so given them; and so relying thereon they did, at the request of the plaintiff and on his advice, suffer and permit the judgment in suit to be rendered and entered against them for Perry's indebtedness. It was further averred that the statements and representations as to their liability for Perry's indebtedness, and as to their being indemnified therefor, were false to the plaintiff's knowledge and were made by him to them with fraudulent intent.

Briefly stated, the defendants averred and charged that having a good defense to the action they were induced to omit to make or present it to the court, by and through the fraudulent statements

and advice of the plaintiff as to their liability for his alleged claim. Fraud in the obtaining of a judgment is matter of defense in a suit brought upon it, and it is matter for relief in equity. (*Huggins* v. *King*, 3 Barb., 616; *Farrington* v. *Bullard*, 40 id., 515; *Dobson* v. *Pearce*, 12 N. Y., 156.) In the last case cited it was held that a defendant in an action upon a judgment may allege and prove as a defense that it was obtained by fraud. It is of no importance here that a reply was interposed. That did not hurt the defense set up in the answer. The defendants offered to prove the facts stated in the third defense. The offer was rejected. If those facts constituted a defense the ruling was erroneous, no matter whether or not they were also well pleaded as a counter-claim.

The only ground on which the ruling can be justified is this: That notwithstanding the fact that the alleged false representations were made as averred, yet it appears that the defendants might have informed themselves of their non-liability to the plaintiff, and indeed of the falsity of all the plaintiff's statements and representations complained of, by the exercise of reasonable diligence on their part. That the defendants were bound to exercise reasonable diligence in the looking up and presenting of their case is well settled. (*Stilwell* v. *Carpenter*, 59 N. Y., 414; *Smith* v. *Nelson*, 62 id., 286; *Whittlesey* v. *Delaney*, 73 id., 571; *Verplanck* v. *Van Buren*, 76 id., 247.) But I am of the opinion that the facts averred in the pleading, with no explanation or qualification of them, establish as matter of law the defense of fraud in this case in all its essential requisites. But it is not necessary here to so hold, for if the facts averred would make a case for the jury on the issue of fraud, it was error to exclude the offered proof.

Now, on the question of reasonable diligence to which the defendants were bound, if the facts averred in the pleading were such that when proved the jury might find in their favor, then the ruling which excluded the proof of them was erroneous, for in that case the proof should have been allowed and the question then would be for the jury to find on this, with other questions necessary to be found by them, to establish the alleged defense. It is quite true that the defendants might have inquired and learned that they were not liable to the plaintiff on the undertaking executed by them on the appeal in the Perry suit, nor for anything that they had done

in that suit, nor liable to him by reason of the indemnity judgment confessed by Perry to them, and that they were not secured by that judgment for the claim made by him against them. These facts the defendants might have learned on due examination of the records in the clerk's office, and on consultation with a lawyer. But was it unreasonable for them to omit to make such search and to obtain legal advice when they were informed, and, as they say, counseled by a lawyer, the plaintiff, who knew all the facts, that they were liable to him and were secured for such liability by a judgment which he had entered as attorney for them? Was it unreasonable for them to accept as true the assertions of the plaintiff, who was cognizant of all the facts and assumed to advise them of their legal position on those facts, being himself an attorney and counselor of the court, without further inquiry or seeking other advice? If doubt existed on this question upon the facts, then the case was one proper for determination by the jury. The question then would be whether, in view of all the facts, the defendants should be deemed to have omitted to exercise reasonable prudence and caution in acting upon the plaintiff's assurances and advice. The exclusion of proof of the facts averred in the third defense was erroneous, and for this reason a new trial must be granted.

The payments alleged in the complaint to have been made on the judgment do not affect the question above discussed.

It should be observed that this examination of the case is based upon the averments of the pleading, and on the assumption to which we are here bound, that the facts there stated are true as charged.

Judgment reversed, new trial granted, costs to abide the event.

LEARNED and BOARDMAN, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.