GEORGE S. DADA, APPELLANT, v. GILES S. PIPER, RESPONDENT.

*Libel — presumption that a complaint drawn and signed by an attorney is a privileged communication.*

The plaintiff brought this action for libel against the defendant, the libelous matter alleged being contained in the complaint in a former action brought by one Cataline against this plaintiff to have a judgment recovered against Cataline set aside and declared void, upon the ground that it was obtained by the false and perjured evidence of this plaintiff. The defendant herein acted as the attorney for Cataline and as such signed the complaint in that action, upon the trial of which the complaint was dismissed on the ground that no cause of action was stated therein.

Upon the trial of the present action the said complaint having been put in evidence, and no other evidence having been offered, this action was dismissed upon the ground that the complaint was a privileged communication.

*Held*, that as it was admitted that no publication of the complaint other than that which was incident to the ordinary conduct of the action had been made, the ruling of the court below should be affirmed.

That the judgment dismissing the complaint in the first action, upon the ground that it did not set forth a cause of action, did not necessarily show that the plaintiff therein had in fact no cause of action, as the pleading itself might have been defective, and essential facts might have been omitted therefrom.

That in the absence of evidence showing that the defendant-acted with express malice and was using the judicial forms in bad faith for the purpose of assailing the plaintiff's character, it would be presumed that the complaint was a privileged communication.

APPEAL from a judgment, entered in Oswego county upon an order dismissing the plaintiff's complaint made upon the trial of the action.

*S. N. Dada*, for the appellant.

*Mead & Stranahan*, for the respondent.

BOARDMAN, J. :

This is an appeal from a judgment dismissing the complaint. The parties are attorneys. The action is for libel, the libelous matter being in a complaint in an action brought by one Cataline against the plaintiff and Charles Holden's assignor, to set aside and declare void a judgment obtained by said Holden's assignor against Cataline, by the alleged false and perjured evidence of the present plaintiff, in which action the defendant was the attorney for Cataline, and as such signed the complaint. That complaint was dismissed upon the trial on the ground that no cause of action was stated therein. On the trial of the present action the aforesaid complaint was put in evidence as proof of the libel. No other evidence was offered. The defendant admitted that such publication was made of the alleged libel as was incident to the ordinary conduct of the action, in which it was made and to the trial; and the plaintiff admitted he did not expect to show any other publication. The complaint was thereupon dismissed on the ground that the publication and complaint were privileged.

There is nothing in the case to show that plaintiff offered to make any additional proofs, or that he was prevented from so doing. The plaintiff must, therefore, stand upon the only proof given, and he cannot now insist that his right to make further proof was cut off by the dismissal of his complaint. He should have made the offer, and, if rejected, he should have taken an exception. Then it would have presented a legal question for review.

The power of a Court of Equity to set aside and avoid judgments, when procured by fraud or perjury, is undoubted. (*N. Y. C. R. R.* v. *Harrold*, 65 How., 89; *Huggins* v. *King*, 3 Barb., 616; *Dobson* v. *Pearce*, 12 N. Y., 156; 1 Story Eq. Jur., § 252.) Under what precise conditions equity will assume to act has been the subject of frequent discussion. Besides the cases already cited, reference may be had to *Ross* v. *Wood* (70 N. Y., 8); *Borden* v. *Fitch* (15 Johns., 121); *Stilwell* v. *Carpenter* (59 N. Y., 423); *Mather* v. *Parsons* (32 Hun, 338).

It was adjudged that Cataline's complaint did not set forth a cause

of action for setting aside the judgment against her. But it by no means follows that she had no cause of action. The pleading may have been defective, and essential facts may have been omitted. It does not, therefore, follow that the facts stated were not pertinent or material to a cause of action and hence malicious. Nor can it be inferred that a defective complaint is evidence of malice on the part of the pleader. That would carry the doctrine of presumptive malice to a dangerous extent for attorneys. The court had jurisdiction of the subject-matter and of the parties to the action. The dismissal of the complaint was an incident in the action, which did not take away its character of a judicial proceeding. Until it is shown that the defendant acted with express malice and was using the judicial forms in bad faith for the purpose of assailing plaintiff's character, the presumption must be extended to the defendant that the complaint was a privileged communication. It was and is conceded by the appellant that the court must determine whether the communication was privileged. In the present case the learned justice at the circuit held this complaint to be within the privilege, and that, without evidence of express malice, a cause of action was not made out. In this, we think, there was no error.

The principle seems quite elementary. (1 Stark on Sl., chap. 10; 2 Green. Ev., § 421; Moak's Underhill on Torts, p. 152; *Marsh* v. *Ellsworth*, 50 N. Y., 309; *Klinck* v. *Colby*, 46 id., 427, 433; *Newfield* v. *Copperman*, 48 How., 87, 88; *Hastings* v. *Lusk*, 22 Wend., 410.) The plaintiff should have gone further than proving a complaint in a judicial proceeding, because that, in the present case, was privileged. He should have shown, in addition, that the defendant knew that what he alleged was false; that he was actuated by malice or that he made use of legal proceedings in bad faith as a cloak to his libelous utterances. Having failed to do this his cause of action was not made out, and his complaint was properly dismissed.

The judgment should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.