MUTUAL RESERVE FUND LIFE ASS'N v. CORDERO et al.

(City Court of New York, General Term. December 13, 1900.)

1. ACTION FOR RENT—SUMMARY PROCEEDINGS—RES JUDICATA.

The record of a summary proceeding dispossessing a tenant for nonpayment of rent is conclusive on him, in an action for the rent, as to his tenancy and occupation.

2. SAME—DEFAULT JUDGMENT—EFFECT.

The fact that judgment in a summary proceeding to dispossess a tenant for nonpayment of rent is taken by default does not render the record of the proceeding less conclusive on the tenant, in an action to recover the rent, as to his tenancy and occupation.

3. SAME—SUBSTITUTED SERVICE—EFFECT.

The question whether a default judgment taken in a summary proceeding to dispossess a tenant for nonpayment of rent was rendered on personal or substituted service is immaterial, in an action to recover the rent; a judgment on substituted service being equally conclusive as to the tenancy and occupation.

Appeal from trial term.

Action for rent by the Mutual Reserve Fund Life Association against Porfirio Cordero, impleaded with another. From a judgment for defendant Cordero, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before McCARTHY, O'DWYER, and SCHUCHMAN, JJ.

Sewell T. Tyng, for appellant.

William Sulzer, for respondent.

PER CURIAM. The record in the dispossess proceedings was conclusive against the defendant Cordero, as regards his tenancy and occupancy of the premises, and the court erred in admitting testimony tending to prove nonoccupancy. In an action to recover rent, proof of the summary proceedings dispossessing the defendant from the premises in question for nonpayment of the rent sued for is conclusive against the defendant as to his tenancy and occupation of such premises. Grafton v. Brigham, 70 Hun, 131, 24 N. Y. Supp. 54; McCotter v. Flinn, 30 Misc. Rep. 119, 61 N. Y. Supp. 786; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805. This is so even though the order in the summary proceedings is by default. Brown v. Mayor, etc., 66 N. Y. 385. And it is immaterial whether the order by default is rendered upon personal or substituted service of the precept. McCotter v. Flinn, 30 Misc. Rep. 119, 61 N. Y. Supp. 786. The only question open is as to the amount of rent due. Jarvis v. Driggs, 69 N. Y. 147.

Judgment and order appealed from reversed, and a new trial ordered, with costs to appellant to abide event.