(122 App. Div. 582.)

### MATTHEWS v. CARMAN.

(Supreme Court, Appellate Division, First Department. December 13, 1907.)

1. JUDGMENTS—CANCELLATION—EQUITY JURISDICTION.

Equity may cancel judgments, orders or decrees, or enjoin their enforcement, in whole or in part, for fraud; but the jurisdiction will only be exercised in cases of necessity, and where there is no adequate remedy at law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 764–773, 836–840.]

2. INJUNCTION—ENJOINING EVIDENCE—EQUITY JURISDICTION.

Equity may enjoin the introduction in a law action of evidence obtained by fraud and duress.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 51.]

3. JUDGMENT—JUSTICES OF THE PEACE—JURISDICTION—NECESSITY OF SHOWING JURISDICTIONAL FACTS.

A justice's court being a court of inferior jurisdiction, jurisdictional facts essential to support its judgment must appear from the record, and may be neither supplied nor presumed to exist.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 398.]

4. LANDLORD AND TENANT—SUMMARY PROCEEDING—PETITION—SUFFICIENCY.

Under Code Civ. Proc. § 2235, requiring the petition in a summary proceeding to recover possession of land to describe the premises and the petitioner's interest therein, an averment that petitioner was the "landlord" and that he "leased" the premises to defendant insufficiently shows his interest, and, being insufficient to give the court jurisdiction, rendered void all proceedings taken.

5. SAME—SERVICE OF PRECEPT—SUFFICIENCY OF RETURN.

Code Civ. Proc. § 2240, subd. 1, provides for personal service of the precept in a summary proceeding for the possession of land. Subdivision 2 provides for service on another where the person to whom the precept is directed resides in the city where the property is situated and is absent from his dwelling house. Subdivision 3 provides for service by affixing a copy to the property where service cannot with reasonable diligence be had under subdivision 1 or 2. Held, that a return reciting that the constable was unable to find defendant "or any one on the property" was insufficient to sustain service by affixing a copy of the precept to the property, for failing to show that service could not be had under subdivision 1 or 2, and hence the justice did not acquire jurisdiction of the proceeding.

6. INJUNCTION—VOID JUDICIAL ORDER AS EVIDENCE—RIGHT TO ENJOIN.

Where an order for petitioner in a summary proceeding is void for jurisdictional defects, the defendant may not enjoin its use as evidence in a law action, since advantage of the defects may be taken when the order is offered in evidence.

Appeal from Special Term, Suffolk County.

Action by John H. Matthews against Richard F. Carman. From

an order denying his motion for an injunction, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Eugene Cohn, for appellant.
J. Campbell Thompson, for respondent.

LAUGHLIN, J.   This is a suit in equity to have a final order in summary proceedings declared null and void and to enjoin its use, particularly as evidence of the existence of the relationship of landlord and tenant between defendant and plaintiff.   It appears that on the 4th day of April, 1906, the defendant presented a duly verified petition to a justice of the peace of the town of Huntington, county of Suffolk, N. Y., alleging that he was the "lessor" of certain real property therein described, situate in said town; that he "leased" it to the plaintiff on the 15th day of February, 1905, for one year from the 1st day of April thereafter, at a stated rental, payable semiannually on the 1st days of April and October; that the plaintiff entered into possession of the premises, but has not paid the rent, payment of which was personally demanded in said town; that three days' notice in writing, requiring in the alternative the payment of the rent or possession of the premises, was duly served on the plaintiff on the 22d day of March, and service thereof was also made on the 30th day of March, 1906, by attaching it to the door of the building on the premises, pursuant to the provisions of the Code of Civil Procedure, "there being no person to whom said notice could be served upon or delivered to"; that the rent had not been paid, nor had possession been surrendered; and that plaintiff held over and continued in possession without his permission after such default in the payment of rent and demand—and prayed for a final order to remove him.   A precept in due form was issued, returnable on the 30th day of April, 1906.   It was served by affixing it to the front door of the house; the return of the constable showing that he was unable to find the plaintiff or any one on the premises upon whom it could be served.   The plaintiff failed to appear at the time the precept was returnable, and a final order and warrant were issued.   The defendant thereafter brought an action against the plaintiff in the Supreme Court to recover the rent and for the value of certain improvements alleged to have been made on the demised premises at the request of the plaintiff.   The plaintiff had no notice or knowledge of the dispossess proceedings at the time, and did not learn thereof until the 17th day of May, 1907. He then brought this action to have the final order annulled and to enjoin the defendant from using it as evidence, upon the ground that the summary proceeding was fraudulently instituted and conducted, in that the averments in the complaint that plaintiff rented the premises and entered into possession thereof were false, and that defendant pretended ignorance of the whereabouts of the plaintiff, who resided in the county of New York and had a place of business in the city of New York, and caused substituted service of the precept to be made.

The plaintiff concedes that he had an understanding with the defendant with respect to renting the premises after certain repairs should be made thereto, and that pursuant thereto, and with the expectation of consummating a lease, he forwarded certain carriages to the premises, which were delivered into the custody of the defendant. Courts of equity possess jurisdiction to cancel judgments, orders, or decrees, or to enjoin their enforcement in whole or in part, for fraud; but this jurisdiction will only be exercised in cases of necessity, and where there is no adequate remedy at law. Huggins v. King, 3 Barb. 616; Farrington v. Bullard, 40 Barb. 513; Dobson v. Pearce, 12 N. Y. 156, 62 Am. Dec. 152; Richardson v. Trimble, 38 Hun, 409; Hinckley v. Miles, 16 Hun, 170; Tracy v. Shannon, 3 N. Y. Supp. 245; Patterson v. Naehr, 6 N. Y. Supp. 513. Equity may entertain jurisdiction to enjoin the introduction, in an action at law, of evidence obtained by fraud and duress. 22 Cyc. p. 811; Wells v. Bridgeport Hydraulic Co., 30 Conn. 316, 79 Am. Dec. 250; Callendar v. Callender, 53 How. Pr. 364.

In the case at bar the plaintiff claims that he was not a tenant and was never in possession, and therefore the only possible prejudice that may befall him in consequence of the summary proceeding is the use of the final order as evidence of the relationship of landlord and tenant, and therefore probable prejudice on this theory is the only basis for equitable relief. If the final order be not open to collateral attack, there can be no doubt it would be conclusive on that question. Reich v. Cochrane, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. If the petition gave the justice jurisdiction and the service was in conformity to the requirements of the Code of Civil Procedure (section 2240), although the final order was granted on substituted service and by default, it would be as binding and conclusive as if the plaintiff had appeared. Mutual Reserve Fund Life Association v. Cordero, 33 Misc. Rep. 387, 67 N. Y. Supp. 464; McCotter v. Flinn, 30 Misc. Rep. 119, 61 N. Y. Supp. 786; Brown v. Mayor, 66 N. Y. 385; Jarvis v. Driggs, 69 N. Y. 143; Reich v. Cochran, 105 App. Div. 542, 94 N. Y. Supp. 404. It is unnecessary, however, to decide whether the grounds upon which the summary proceedings are attacked go to the jurisdiction of the court or constitute fraud, or whether they are of such a nature that the plaintiff, without bringing this action, could challenge the validity of the final order collaterally when presented as evidence against him in the action for rent; for it appears from the petition in the summary proceedings, a copy of which is set forth in the record, that the justice never acquired jurisdiction, and that therefore the final order is a nullity. Being a court of inferior jurisdiction, every jurisdictional fact essential to support the order must be shown by the record and may neither be supplied nor presumed to exist. Black on Judgments, §§ 250, 278, 280. Section 2235 of the Code of Civil Procedure provides, among other things, that the application for the removal of a person in possession of real property may be made by the landlord or lessor, and that the petition must describe "the premises of which the possession is claimed and the interest therein of the petitioner or the per-

son whom he represents." The only averment in the petition of the petitioner's interest is that he is the "landlord" and that he "leased" the premises to the plaintiff. This does not constitute a description of the petitioner's interest in the premises as required by the Code of Civil Procedure already quoted, and it was insufficient to give the court jurisdiction, and renders all proceedings taken null and void. Schneider v. Leizman, 57 Hun, 561, 11 N. Y. Supp. 434; Fuchs v. Cohn, 19 N. Y. Supp. 236; Cahill v. Wyand, 22 Civ. Proc. R. 271; Potter v. N. Y. Baptist Missionary Society, 23 Misc. Rep. 671, 52 N. Y. Supp. 294; Ferber v. Apfel, 113 App. Div. 720, 99 N. Y. Supp. 215.

Moreover, service of the precept was made by the constable under the third subdivision of section 2240 of the Code of Civil Procedure, by affixing a copy of the precept upon a conspicuous part of the property, which is only authorized where service cannot be made as prescribed in either of the preceding subdivisions of the section; and the return does not show that service could not have been made as prescribed in subdivision 1 or 2 of the section. The return does not show that the constable was unable to find the plaintiff in the county or that plaintiff had no residence in the county. Subdivision 1 of said section 2240 provides for personal service, which may only be made in the county. Beach v. Bainbridge, 7 Hun, 81. Subdivision 2 provides that if the person to whom the precept is directed resides in the city or town in which the property is situated, but is absent from his dwelling house, service may be made by delivering a copy of the precept at his dwelling house to a person of suitable age and discretion residing there, and in the event that no such person can, with reasonable diligence, be found there, then by delivering a copy of the precept at the property sought to be recovered, either to some person of suitable age or discretion residing there, or, in the event no such person can be found there, to any person of suitable age or discretion employed there. The only statement in the return explaining why service was made by affixing a copy to the door of the building on the premises, is the following clause: "Being unable to find John Matthews or any one on the property." The justice did not acquire jurisdiction by the service made, in the absence of evidence that service could not be made as prescribed in subdivisions 1 and 2 of said section. Beach v. Bainbridge, supra; Eckerson v. Ellis, 30 Misc. Rep. 794, 63 N. Y. Supp. 150. Advantage may be taken of these jurisdictional defects when the final order is offered in evidence, and therefore the plaintiff in no event requires relief in equity.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.