MORRIS POTOSKY and Another, Respondents, *v.* MARTIN HANSEN, Appellant.

Supreme Court, Erie County, April 14, 1928.

Landlord and tenant — rent — lease made defendant liable for rent accruing after June 15, 1924, if premises became vacant by defendant's removal " for non-payment of rent, by legal process "— petition filed with City Court of Lackawanna and precept issued were not competent evidence, since affidavit of service did not show copy of petition was affixed to premises as required by Civil Practice Act, § 1421, subd. 3 — no proof that service could not be made under Civil Practice Act, § 1421, subds. 1, 2 — City Court of Lackawanna did not acquire jurisdiction — no final order of removal·granted — rent accruing after June 15, 1924, cannot be recovered since defendant was not removed by " legal process "— judgment for unpaid rent from May fifteenth to June fifteenth is against weight of evidence.

This is an action for rent under a lease which made defendant liable for all rent accruing after June 15, 1924, if the premises became vacant in consequence of defendant's removal " for non-payment of rent, by legal process." The premises became vacant June 15, 1924, and plaintiffs, in an attempt to prove that the vacancy came by defendant's removal for non-payment of rent by legal process, offered in evidence a certified copy of a petition filed by plaintiffs with the judge of the City Court of Lackawanna, praying for a final order removing defendant from the premises for non-payment of rent due May 15, 1924, and a precept issued by that court directing defendant to remove from the premises or show cause why possession should not be delivered to plaintiffs.

The precept and petition were not competent evidence. Subdivision 3 of section 1421 of the Civil Practice Act provides that where service cannot with reasonable diligence be made in certain specific ways, service may be made by affixing a copy of the precept and petition upon a conspicuous part of the property. Since the marshal's affidavit of service, which was vital to the jurisdiction of the City Court of Lackawanna, failed to show that a copy of the petition was

affixed to the premises, the City Court did not acquire jurisdiction, and, therefore, no final order of removal having been granted, defendant was not removed by " legal process " and the rent accruing after June 15, 1924, cannot be recovered.

The City Court of Lackawanna did not acquire jurisdiction by the service made, in the absence of evidence that service could not be made as prescribed in subdivisions 1 and 2 of section 1421 of the Civil Practice Act.

Moreover, the judgment for unpaid rent from May fifteenth to June fifteenth is against the weight of the evidence.

APPEAL by defendant from judgment of Buffalo City Court.

*George Doyle*, for the appellant.

*Samuel Ginsburg*, for the respondents.

BROWN, J.   Defendant's liability for all rent accruing after June 15, 1924, is dependent upon the following provision of the lease: " If the premises shall at any time become vacant during the said term in consequence of the removal of the said party of the second part [defendant] for non-payment of rent, by legal process  *  *  * the said party of the first part [plaintiffs] shall and may re-enter the same and  *  *  *  may re-let said premises as agent of said party of the second part applying the avails thereof  *  *  * to the payment of the rent due by these presents, and the balance to pay over to the party of the second part; or may hold the party of the second part for any balance remaining due after so applying the proceeds."

The premises became vacant June 15, 1924; the plaintiff took possession and relet the same for the months of August and September.   The plaintiffs have recovered a judgment against the defendant for the rent for the period from June 15, 1924, to September 15, 1924, less rent received by plaintiff by the reletting.   Upon the trial plaintiffs sought to prove that the premises became vacant in consequence of the removal of the defendant for non-payment of rent by legal process, and offered in evidence a certified copy of a petition filed by the plaintiffs with a judge of the City Court of Lackawanna praying for a final order removing defendant from the premises for the non-payment of rent due May 15, 1924, and a precept issued by said court directed to defendant requiring defendant to forthwith remove from said premises or show cause June 20, 1924, why possession should not be delivered to plaintiffs. The proof of service of such precept appears upon the back of the same; it is in printed form except that blanks therein are filled out in typewriting.   By such typewritten matter it appears that the precept was served by the marshal of that court on the 16th day of June, 1924, on the defendant " by posting a copy in his

place of business at 445 Gates Ave., Lackawanna, N. Y." The offer of such petition and precept in evidence was objected to by defendant as incompetent, not pleaded, no personal service on defendant. The objections were overruled, the papers received in evidence, to which ruling defendant excepted. The precept and petition were not competent evidence. The statute (Civ. Prac. Act, § 1421) provides that the precept must be served personally unless the person to whom it is directed is absent from his dwelling house when it may be served by delivering a copy together with a copy of the petition at his dwelling house to a person of suitable age and discretion; or if no such person can with reasonable diligence be found at such dwelling house then by delivering a copy of such precept and petition at the property sought to be recovered to a person residing or employed there. Subdivision 3 of section 1421 of the Civil Practice Act provides where service cannot with reasonable diligence be made as above, service may be made by affixing a copy of the precept and petition upon a conspicuous part of the property. The marshal's affidavit of service, which was vital to the jurisdiction of the City Court of Lackawanna, does not show that a copy of the petition was affixed to the premises. The precept is not served by solely affixing a copy of the same to the premises; it must be accompanied by the petition. The City Court judge did not acquire jurisdiction by the service made in the absence of evidence that service could not be made as prescribed in subdivisions 1 and 2 of section 1421 of the Civil Practice Act. (*Matthews* v. *Carman*, 122 App. Div. 582.) There was no final order of removal made by the City Court of Lackawanna. The attorney for the plaintiffs upon the trial in the Buffalo City Court offered in evidence what he stated was a final order of removal dated June 20, 1924; it was simply the petition with the words and figures " final order 6/20/24 " written at the bottom of the first page of the petition. The defendant objected to the same, saying " he has stated that he offered in evidence the final order," to which the attorney for the plaintiff replied, " that is it, that is the way they had it out there," undoubtedly meaning that in the City Court of Lackawanna a final order of removal consisted of writing those words and figures at the bottom of the petition.

The lease provides that if it is desired to hold the defendant liable for rent after eviction the defendant must be removed for non-payment of rent by legal process. The City Court of Lackawanna not having had jurisdiction to grant a final order of removal and no final order of removal having been granted, the defendant was not removed by legal process. The rent accruing after June 15, 1924, cannot be recovered.

The judgment for the alleged unpaid rent from May fifteenth to June fifteenth is against the weight of the evidence; there was no proof that the water bill was a legal charge against the premises; the mere payment of the water bill by the plaintiffs did not make the defendant liable to the plaintiffs.

Judgment reversed, with costs to the defendant. New trial ordered in City Court.