MILLINERY CENTER BUILDING CORPORATION, Appellant-Respondent, *v.* HAUSMAN BROS., INC., Respondent-Appellant.

Supreme Court, Appellate Term, First Department, October 29, 1936.

*Herman A. Brand* [*Charles J. Herson* of counsel], for the appellant-respondent.

*Samuel Bierman,* for the respondent-appellant.

PER CURIAM. The final order in favor of the landlord on the tenant's default in the July summary proceeding, if due service of the precept had been made therein, would establish that the defendant was in possession of the premises after default in payment

of the July rent, and preclude the defendant herein from introducing evidence of a prior surrender of the premises. (*Brown* v. *Mayor*, 66 N. Y. 385, 391; *Reich* v. *Cochran*, 151 id. 122; *Grafton* v. *Brigham*, 70 Hun, 134.) The decision in *Warrin* v. *Haverty* (149 App. Div. 564) is not based on the doctrine of prior adjudication. But the affidavit of the process server in the present case that he made conspicuous place service at the premises is on a printed blank indorsed on the precept stating, among other things, that the tenant " could not be found after due and diligent search; " it presents not the slightest evidence that any effort was made to serve the tenant in the manner prescribed by subdivision 1 of section 1421 of the Civil Practice Act, and in the absence of such evidence it follows that the Municipal Court had no jurisdiction of the person of the tenant in the July summary proceeding, and the final order relied upon by plaintiff ·is inoperative. (*Matthews* v. *Carman*, 122 App. Div. 582; *Mischner* v. *Altman*, 145 id. 251.)

Order affirmed.

All concur. Present — LYDON, LEVY and CALLAHAN, JJ.