Allen Murray Myers, J.
In these holdover proceedings to be tried by a court and jury the respondents have orally moved to dismiss the petitions for failure to comply with subdivision 1 of section 741 of the Real Property Actions and Proceedings Law in its requirement that the petition shall “ state the interest of the petitioner in the premises from which removal is sought.” Since it is claimed that this is a jurisdictional defect, the court must first dispose of these motions before commencing with the trial of these proceedings.
The petitions allege that the petitioner Bay West Realty Co., Inc. is the “ Lessee and Landlord ” and that the respondents are the tenants of said premises who entered in possession thereof under rental agreement between said respondents and landlord. Respondents argue that this does not satisfy the statutory requirement, citing Geiger v. Feldberg (250 App. *854 Div. 731); Matthews v. Carman (122 App. Div. 582) and Eldaen Realty & Constr. Co. v. Bensamon (56 Misc. 464). They claim that, since the present petitioner is not the same landlord as the original landlord on the expired leases which were entered into at the commencement of each tenancy, the petitioner must allege how it derived its title.
This contention is without merit. The leading case setting forth what is a sufficient description of the interest of the petitioner is Reich v. Cochran (201 N. Y. 450). In that ease the court construed section 2235 of the Code of Civil Procedure, a predecessor section of section 741 of the Real Property Actions and Proceedings Law. The court held (p. 455): “ As we construe this section it simply means that if the case is one of landlord and tenant that fact should be stated * * * It does not mean that the applicant, who is a landlord or lessor, must plead the evidence upon which his right or title depends * * * Tn a case of landlord and tenant it is enough to make any statement from which it is clear that the applicant is the lessor or his assignee, and that the person in possession is the lessee or his assignee ”. The court went on to say that section 2235 of the Code of Civil Procedure was construed too narrowly in Matthews v. Carman (supra) (one of the cases relied on by respondents) although the decision in that case was correct on other grounds.
Section 2235 of the Code of Civil Procedure provided in relevant part as follows: ‘ ‘ The application may be made by the landlord or lessor of the demised premises * * * The applicant must present to the judge or justice, a written petition * * * describing * * # the interest therein of the petitioner * * * stating the facts, which * * * authorize the application by the petitioner ”.
The successor statute, section 1415 of the Civil Practice Act, also required that the petitioner plead the facts upon which the application was based.
However, the present statute, subdivision 1 of section 741 of the Real Property Actions and Proceedings Law, merely requires that the petition shall ‘ ‘ 1. State the interest of the petitioner in the premises from which removal is sought ’ ’. There is no requirement that the facts upon which the interest is based be pleaded. In the instant action, the petitioner alleged that it was the landlord lessee. I find this to be a sufficient statement of the petitioner’s interest under the current law as well as the enlightened views set forth in Reich v. Cochran (supra) in 1907.
Section 741 of the Real Property Actions and Proceedings Law is in keeping with the general philosophy codified in CPLR *855 3026 which specifically provides that 1 ‘ Pleadings shall be liberally construed ” (see, also, Foley v. D’Agostino, 21 A D 2d 60). In the light of the CPLR and the changes made in the Real Property Actions and Proceedings Law, the court will not now impose a rule of law which the Court of Appeals in 1907 found harsh.
Accordingly, respondents’ motions to dismiss the petitions in their respective actions are denied, and the parties are directed to proceed to trial forthwith.