IN THE MATTER OF THE PETITION OF ALBERT HOSLEY FOR THE REMOVAL OF JOHN MULLINS FROM CERTAIN PREMISES THEREIN DESCRIBED.

*Landlord and tenant — summary proceedings cannot be instituted in the name of an attorney as landlord.*

In order to sustain summary proceedings for the recovery of the possession of real property, under section 2231 *et seq.,* of the Code of Civil Procedure, the technical relation of landlord and tenant must exist.

Where the owner of real property gives to a party holding a mortgage thereon a power of attorney to rent the premises and collect the rents thereof, and the party receiving such power of attorney orally rents the premises, he does not thereby create between himself and the tenant the relation of landlord and tenant.

The proper party in such case to institute summary proceedings for the removal of the tenant is the owner himself.

APPEAL by John Mullins from an order made in the above-entitled proceeding by the county judge of Cattaraugus county, and entered in the office of the clerk of that county on the 16th day of August, 1889.

By the order in question it was " ordered and determined that there was due the petitioner from said John Mullins, on the 9th day of July, 1889, for rent of the premises described in the petition, the sum of sixteen dollars, and that said sum remains unpaid, and that the said John Mullins holds over and continues in possession of said property, after default in the payment of said rent, without permission of the petitioner. That the possession of the said property be delivered to Albert Hosley, petitioner."

*Inman & Cole,* for the tenant, appellant.

*Ansley & Davie,* for the petitioner, respondent.

MACOMBER, J. :

The only question arising on this appeal is, whether the petitioner sustained to John Mullins, the tenant, the relationship of landlord. If he did, the order made by the county judge was correct, and should be affirmed ; if he did not, then, clearly enough, the wrong party called for the possession of the premises, and the same should have been withheld from him.

The petitioner, in the month of November, 1882, held a mortgage upon the premises in question for the sum of $1,700, upon which, at the time of the beginning of these proceedings, the sum of about $1,000 remained due and unpaid. The premises were owned at that time, as well as now, by a man by the name of Butterfuss, who had executed the above-mentioned mortgage. In the year 1886 the owner gave to the respondent in this appeal a power of attorney as follows: "Know all men by these presents, that I, Jacob Butterfuss, of the town of Salamanca, county of Cattaraugus and State of New York, have made, constituted and appointed, and by these presents do make, constitute and appoint Albert Hosley my true and lawful attorney for me and in my name, place and stead, for the purpose of renting for me my dwelling-house, situate on the south side of Church street in the village of Salamanca, N. Y., and for the pur- pose of collecting the rents accruing thereon; that he shall use and apply such rents, first, in paying the taxes and insurance upon said property, and other necessary expenses of keeping same in a tenant-able condition, and the surplus shall by him be applied on real estate mortgage now held by said Hosley on said property; also for the further purpose of selling and conveying said property for a sum not less than the incumbrance thereon; giving and granting unto him," etc., concluding in the usual form.

This was a power of attorney by the owner to Hosley, and nothing more. The paper writing did not put the attorney in possession of the premises as mortgagee under which he could claim the rights of a mortgagee in possession; it gave him the power to rent for the landlord, and in the name of the landlord and for his benefit, the property in question. The right to use the surplus, after paying taxes, etc., was specifically defined, namely, its application upon the mortgage held by the attorney against the true owner.

The petitioner, however, has proceeded upon the assumption that this paper made him the landlord, and that when he verbally let the premises to the appellant the relation of landlord and tenant began to exist between him and the appellant. In this we think he is mistaken.

In order to maintain summary proceedings for the recovery of the possession of real property under section 2231 *et seq.* of the Code

of Civil Procedure, the technical relation of landlord and tenant must exist. (*The People* v. *Simpson*, 28 N. Y., 55.)

The tenant dealt with the attorney on the assumption that he was obtaining the premises under a lease from the true owner, Butterfuss, under a contract with Hosley, as agent. Under these circumstances it matters not whether the power of attorney contained an assignment of the accruing rents for the purpose of extinguishing the mortgage or not. For the question before us is, not whether the mortgagee can, by any proceeding, compel the application of the rents upon this indebtedness, but it is rather the simple question : Who is the proper party to institute summary proceedings for the possession of real property for the non-payment of rent ? Under the authority cited, and in the language of the provisions of the Code referred to above, and, under the contract as disclosed by these papers, the person to institute such proceedings was the owner himself, and not the agent or attorney in fact.

It follows, therefore, that the order appealed from should be reversed, with costs.

DWIGHT, P. J., and CORLETT, J., concurred.

Order appealed from reversed, with costs.