ditional facts concerning his alleged interest in the premises.    This, to my mind, could not be done, as the court had never acquired jurisdiction of the subject-matter.

As was said by McAdam, J., in Marchand v. Haber, 16 Misc. Rep. 319, 321, 37 N. Y. Supp. 950, 951: "A justice cannot, by amending a proceeding in a particular which is necessary to give him jurisdiction, acquire an authority nunc pro tunc."

There were other grounds urged for a reversal of the final order, but, in view of the conclusion reached that the court below never acquired jurisdiction of the proceedings, it will not be necessary to consider them.

For these reasons the final order should be reversed, with costs to the appellants.    All concur.

(23 Misc. Rep. 683.)

ROSS v. NEW YORK CITY BAPTIST MISSION SOC. et al.

(Supreme Court, Appellate Term.    June 6, 1898.)

SUMMARY PROCEEDINGS—RECOVERY OF POSSESSION BY LESSEE—JURISDICTION.
    In a summary proceeding to recover the possession of real property lost through the respondent's alleged forcible entry, a petition stating that the petitioner is "a lessee of the premises under an agreement made between her and the respondent, by the terms of which the petitioner duly leased them from the latter, and by virtue of such agreement became entitled to, and went into possession of, said premises," without describing the nature of her tenancy, confers no jurisdiction of the subject-matter, and the objection may accordingly be raised, even after issue joined.    Code Civ. Proc. § 2235.

Appeal from Fourth district court.

Summary proceedings by Julia Ross against the New York City Baptist Mission Society and others.    From a final order awarding delivery of possession of premises to petitioner, defendants appeal. Reversed.

These proceedings were instituted to regain the possession of the premises known as "No. 162 Second Avenue," in the city of New York, and also known as the "Church House of the Tabernacle Baptist Church," claimed to have been forcibly entered upon by the defendants, and who, it is further claimed, forcibly held the same.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

John E. Parsons, for appellants.
Benjamin Scharps, for respondent.

GIEGERICH, J.    In view of the conclusion reached in Potter v. Society (herewith decided) 52 N. Y. Supp. 294, it is manifest that the allegations of the petition herein touching the interest of the applicant in the premises were wholly insufficient to confer jurisdiction of the subject-matter.    The averment contained in the petition that the applicant is "a lessee of the premises    *    *    *    under an agreement made between her and the trustees of the said Tabernacle Baptist Church, by the terms of which agreement your peti-

tioner duly leased from the said Tabernacle Baptist Church the aforesaid premises, and by virtue of such agreement became entitled to and went into the possession of said premises" is not a compliance with the provisions of section 2235 of the Code of Civil Procedure, which require the applicant to present to the justice "a written petition * * * describing the premises, * * * and the interest therein of the petitioner." As was said by Pryor, J., in Fuchs v. Cohen (Com. Pl.) 19 N. Y. Supp. 236:

"Whether the applicant was tenant for years, or from year to year, or from month to month, or at will, or at sufferance, is not indicated by the petition; wherein, therefore, 'is not a description of the interest of the petitioner, but at most an allegation that she had some interest which entitled her to the possession.' Schneider v. Leitzman (Sup.) 11 N. Y. Supp. 434. An allegation is not equivalent to a description of the interest."

The respondent insists that, notwithstanding such defect, the court below acquired jurisdiction by reason of the general appearance of the defendants, and their pleading to the merits, before raising the objection to the jurisdiction of the court. Had the court below acquired jurisdiction of the subject-matter, there might be some force to this contention, but, as it had not, the objection was not waived, and the defendants were not precluded from raising it. Potter v. Society, supra.

For these reasons the final order should be reversed, with costs to the appellants. All concur.