(54 App. Div. 109.)

### CASE v. PORTERFIELD et al.

(Supreme Court, Appellate Division, Second Department. October 19, 1900.)

1. LANDLORD AND TENANT—DISPOSSESSION—NONPAYMENT OF RENT—PARTNERSHIP—REQUISITES OF PRECEPT.

Where the precept in an action to dispossess a firm for nonpayment of rent is entitled against the individuals composing the firm, with the addition, "composing the firm of P. & C.," such precept is in compliance with the statute requiring that the precept refer to the individuals, though it was directed to the firm in its firm name.

2. SAME—ACTION BY LANDLORD'S AGENT—TENANT A PART OWNER.

Under Code Civ. Proc. § 2235, authorizing an application to dispossess tenants for nonpayment of rent to be made by the landlord, or lessor, or by the agent of the landlord, the agent of the owners of the premises may make application to dispossess a firm for nonpayment of rent, though one of the members of the firm is a part owner of the premises.

3. SAME—DEFENSES—COUNTERCLAIM.

Where an action is brought to dispossess a firm for nonpayment of rent, and one of the members of the firm is a part owner of the premises, the fact that his partner owes him a sum greater than the unpaid rent does not constitute a good defense, since contracts on which counterclaims can be set up must be by all the parties defendant against all the parties plaintiff.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by David K. Case against C. R. Porterfield and J. W. Conklin, composing the firm of Porterfield & Conklin. From a judgment in favor of the plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

James M. Gorman, for appellants.

David K. Case, in pro. per.

GOODRICH, P. J. C. R. Porterfield and Mary A. Mott were the owners in fee of certain premises on Bedford avenue, Brooklyn, as heirs at law of Robert Porterfield. The premises were originally let by Robert Porterfield to C. R. Porterfield and J. W. Conklin, composing the firm of Porterfield & Conklin. After Robert's death, and in August, 1900, the premises were let by agreement to the firm at $45 per month. The rent not having been paid for two months, summary proceedings to dispossess the firm for nonpayment of rent were brought by David K. Case in his own name. He is the agent of the owners for the institution of these proceedings. Both the defendants answered, denying every allegation in the petition, and set up that Charles R. Porterfield and Conklin were partners, that the former was the owner of the premises, and that he was indebted to Conklin in the sum of $900. The defendants moved to dismiss the proceedings on several grounds. The first was that the precept was "entitled against C. R. Porterfield and J. W. Conklin, and directed to Porterfield & Conklin, neither of whom can have any legal existence." The title of the precept contains the individual names of C. R. Porterfield and J. W. Conklin, with the addition of the words, "composing the firm of Porterfield & Conklin." The precept is addressed to "Porterfield & Conklin, as above described." We think this is a compliance with

the statute, and refers to the individuals. The second ground of the motion was that the proceeding was entitled in the name of Case as landlord, and "because the petitioner shows that the real landlord is Charles R. Porterfield, who is bringing this action against himself as tenant." Section 2235 of the Code of Civil Procedure authorizes the "application" to be made by the landlord, or lessor, or by the agent of the landlord. We think this authorizes the entitling of the proceedings and the issuance of the precept in the name of Case, who is stated in the petition to be the "agent of C. R. Porterfield and Mary A. Mott, owner in fee" of the premises. The other ground upon which the defendants contest the proceeding is that Charles R. Porterfield is indebted to his partner, Conklin, in a sum greater than the unpaid rent. This constitutes no defense. Conklin may have his right of action for an accounting between himself and his partner, but in this controversy the landlord has no concern. The indebtedness of Porterfield to Conklin has no more relation to the rent due Porterfield and Mott than the indebtedness of Porterfield to a stranger. The indebtedness of the firm for rent is to C. R. Porterfield and Mary A. Mott, and even in an action to recover rent Conklin could not set up or counterclaim an indebtedness of Porterfield to himself against a claim of Porterfield and Mott against the firm. The contract upon which a counterclaim could be set up must be by all the parties defendant against all the parties plaintiff.

It follows that the final order must be affirmed, with costs. All concur.