EDWARD HANDSHKE, Respondent, *v.* CARL LOYSEN, Appellant.

Fourth Department, October 4, 1922.

Summary proceedings — appeal from final order of justice of peace — no right to new trial in County Court — mere acquiescence will not confer jurisdiction on County Court to grant new trial.

A new trial cannot be had in the County Court on appeal from a final order of a justice of the peace in a summary proceeding for the removal of a tenant for non-payment of rent, where the petitioner demanded merely the possession of his property.

The appellant by noticing the case for trial and taking part in selecting the jury in the County Court did not waive the point, for mere acquiescence will not confer jurisdiction on the appellate court to grant a new trial in a case of this character.

APPEAL by the defendant, Carl Loysen, from a judgment and final order of the County Court of the county of Oneida in favor of the plaintiff, entered in the office of the clerk of said county on the 14th day of March, 1922, upon the verdict of a jury, awarding to the respondent in summary proceedings the possession of certain premises in the city of Utica.

*Leon L. Arthur,* for the appellant.

*Charles J. Fuess,* for the respondent.

CLARK, J.:

The appellant was formerly a tenant of the plaintiff, who by petition dated December 1, 1921, instituted summary proceedings before a justice of the peace of the city of Utica to remove appellant from premises which he had rented from the respondent, for non-payment of rent.

The trial was had before the justice of the peace and a jury which resulted in favor of the defendant, whereupon the landlord appealed to the Oneida County Court and demanded a new trial. The case was brought on for trial in the Oneida County Court on the 21st day of February, 1922, and a jury was drawn, examined by counsel representing both parties and accepted, whereupon the attorney for the tenant moved to dismiss the appeal on the ground that the County Court had no jurisdiction, as a new trial in County Court on appeal from a final order made by a justice of the peace.

in summary proceedings was unauthorized and on the further ground that the appellant had not given an undertaking.

The county judge denied the motion on the ground that by noticing the case for trial, and appearing and drawing a jury, appellant had waived the objections, whereupon the trial proceeded before the county judge and a jury, and it resulted in a verdict awarding to the plaintiff possession of the property in question, and a judgment was entered and final order made accordingly. A summary proceeding to remove a tenant is a special proceeding governed entirely by the statute. The application for the removal of the tenant is made, not to a court but to a judicial officer. The petitioner may elect when he institutes his proceeding to apply to a justice of the peace having jurisdiction or to the county judge. (Civ. Prac. Act, § 1413.)    If an answer is interposed after service of the precept, a trial may be had either before the judicial officer alone, or with a jury, which is summoned, not from the regular jury list, but in a particular manner. (Civ. Prac. Act, § 1428.) It is not, therefore, a trial before a court.

The principal question raised on this appeal is whether or not the appellant on the appeal from the final order made by the justice of the peace was entitled to a new trial in the County Court. Section 1441 of the Civil Practice Act provides: "An appeal may be taken from a final order made as prescribed in this article to the same court, within the same time, and in the same manner as where an appeal is taken from a judgment rendered in the court of which the judge or justice is the presiding officer, and with like effect, except as otherwise prescribed in the next two sections."

The next two sections refer to staying the warrant of dispossession and appeals from the determination of the Appellate Division.

Summary proceedings for the recovery of real property can be instituted before a justice of the peace of a city where the real property affected is situated. (Civ. Prac. Act, § 1413.)

The only way to review the judgment rendered by a justice of the peace in a civil action is by appeal and the appeal must be to the County Court (Justice Court Act, §§ 426, 427), and an appeal may be taken from a final order made by a justice of the peace in summary proceedings in the same manner and with the same effect as an appeal from a judgment rendered by a justice of the peace. (Civ. Prac. Act, § 1441.)

The appeal from a final order is the same as from a judgment and, if the appellant would be entitled to a new trial if the appeal had been from a judgment, he would be entitled to a new trial where the appeal is from a final order in summary proceedings, but not otherwise.

Section 442 of the Justice Court Act provides in what cases a new trial can be had on appeals from judgments of justices of the peace and it reads as follows: " Where an issue of fact or an issue of law was joined before the justice and the sum for which judgment was demanded by either party in his pleadings, exceeds fifty dollars, or, where in an action to recover a chattel, the value of the property as fixed, together with the damages recovered, if any, exceeds fifty dollars, the appellant, in his notice of appeal, may demand a new trial in the appellate court; and thereupon he is entitled thereto whether the defendant was or was not present at the trial."

It will thus be seen that a new trial in the County Court on appeals from judgments of justices of the peace can be had only in cases where the judgment demanded by either party in his pleadings exceeds fifty dollars, or where the action is to recover a chattel and the value thereof as fixed, together with the damages recovered, exceeds fifty dollars. There was no such demand in this proceeding, the petitioner demanding merely the possession of his property. There is no intent discoverable in the statute to give the petitioner two trials before different magistrates or before another court in a summary proceeding and section 442 of the Justice Court Act prescribes under what circumstances a party appealing from a judgment of a justice of the peace may be entitled to a new trial in the appellate court.

Section 1430 of the Civil Practice Act provides what the final order in summary proceedings shall contain. If the decision or verdict is in favor of the petitioner, the final order must award him the possession of the property described in the petition, with costs. If the decision or verdict is in favor of the tenant answering the petition, the final order made by the judge or justice must be in accordance with the decision or verdict, with costs.

In this proceeding the petitioner simply asked for the removal of the tenant for non-payment of rent. No demand was made for judgment in a sum exceeding fifty dollars, consequently when the petitioner was defeated in the proceeding before the justice of the peace and appealed to the County Court from the final order made by the justice of the peace, he was not entitled to a new trial in the County Court. The proceeding is summary in its nature, the purpose being to obtain a speedy determination of any issue between the parties. The appeal, therefore, follows the procedure in cases where a new trial cannot be granted in the County Court. (*Brown* v. *Cassady*, 34 Hun, 55; Justice Court Act, § 442.)

Respondent urges that even though he was not entitled to a new trial in the County Court, the appellant, by noticing the case for trial, and taking part in selecting the jury in County Court,

waived the point, and consented and submitted to the jurisdiction of the appellate court.

We do not think so for the reason that the court did not have jurisdiction to entertain a new trial, for the petitioner had not demanded relief that would entitle him to a new trial in the County Court. Mere acquiescence will not give jurisdiction to a court not having general jurisdiction, where jurisdiction to grant a new trial in a case of this character is not conferred by statute. (*McMahon* v. *Rauhr*, 47 N. Y. 67; *Hinkley* v. *Troy & Albia R. R. Co.*, 42 Hun, 281.)

The judgment should be reversed, with costs, and the matter remitted to the Oneida County Court, to be placed on the law calendar to be disposed of as an appeal on the law from the final order of the justice of the peace.

All concur.

Judgment and order reversed, with costs, and matter remitted to Oneida County Court to be there disposed of as an appeal upon a question of law.