HARRY SACKMAN, Landlord, *v.* BESSIE TUCKMAN, Tenant.

HARRY SACKMAN, Landlord, *v.* SAM SKOLNICK, Tenant.

Municipal Court of New York, Borough of Brooklyn, Fourth District, August 17, 1931.

*Emanuel Mehl*, for the landlord.

*Benjamin Lichtman*, for the tenants.

DITORE, J. The petition alleges that one Harry Sackman is the assignee of Harry L. Sackman, who is the landlord and record owner of the premises, and that he, the petitioner, is the duly authorized agent of the assignor, and is entitled to bring the proceedings herein; that on the 1st day of August, 1930, the owner in fee (petitioner's assignor) and the tenant herein entered into an agreement for a monthly letting at the rate of sixty-five dollars, payable on the first day of the month, in advance; that on the 1st day of July, 1931, there was due to the landlord the sum of sixty-five dollars, payment of which was duly personally demanded, and no part of which has been paid; and that the tenant is still in possession and holds over without the landlord's consent. This is followed by the usual prayer for possession, and for a personal judgment against the tenant in the sum of sixty-five dollars.

The tenant maintains: (a) That an assignee of rents cannot maintain summary proceedings; (b) that the petition is defective and incomplete, and (c) that he is stayed from the payment of the rent by virtue of a third party order issued out of the City Court of Kings county upon a judgment procured against the record owner and assignor herein.

(a, b) There is no doubt that Harry Sackman, the petitioner herein, was authorized to commence this proceeding in his representative capacity (Civ. Prac. Act, § 1414, subd. 6), and that the petition sets forth sufficient facts, in his representative capacity, for the court to acquire jurisdiction. The trouble with the petitioner is, I think, that he has insisted that he has a right to bring this proceeding in his own name; that " assignee " is merely a description of his person, and, therefore, surplusage; that he had a right to institute these proceedings, not as agent, but as principal, by reason of an alleged assignment of rents, which was made between the record owner (assignor) and the petitioner herein, which purports to bear date the 1st day of June, 1931, by the terms of which the assignor assigns to the petitioner the rents, profits and issues of these premises, now due or to become due, with the power to collect the same, and to institute, prosecute and compromise any and all forms of actions and summary proceedings, the assignor ratifying and confirming any and all acts done in his behalf, with the proviso that the petitioner pay out of the rents so received thereunder the interest on the first mortgage, taxes due on the property and the balance, if any, to pay the interest on the second mortgage, of which the petitioner is the owner thereof. This so-called rent assignment is not acknowledged; and, in my opinion, is colorable. Therefore, while the petitioner could have instituted this proceeding as an agent, he could not do so as principal.

The right to maintain summary proceedings is purely statutory. It depends upon the existence of the conventional relation between the parties of landlord and tenant. (*Fifth Avenue Shop, Inc.*, v. *Fox-Stiefel Co.*, 83 Misc. 127.) The petitioner does not contend, nor does the evidence adduced disclose, that he was a mortgagee in possession. The mere right to collect the rents alone without the reversion merely gave the assignee the right to recover in his own name in an action for debt. (*Moffatt* v. *Smith*, 4 N. Y. 126; *Matter of Hosley*, 56 Hun, 240.)

(c) The evidence adduced herein leads me to believe that the so-called assignment is colorable. The testimony shows that the petitioner is the unmarried son of the so-called assignor, the owner in fee of the premises, and resides with the latter; that the assignor had borrowed money from a credit union for which he had given the second mortgage; that this debt had been paid by the petitioner who had procured an assignment thereof, some eighteen months prior to the maintenance of this proceeding, and that although the assignor, his father, was in arrears in the payment of interest on a prior mortgage and taxes, and had defaulted in the payment of interest on the second mortgage, which was long past due, no attempt was made by the petitioner to enforce his rights and remedies under the mortgage. The petitioner testified that this purported assignment had been made over a year ago, yet the documentary evidence showed that this purported assignment was made on June 1, 1931. The record is silent as to any proof that the petitioner ever collected or attempted to collect any rent from the tenant under this purported assignment, but on the contrary it appears that the rent for the month of June, 1931, was paid to the assignor herein. The evidence fully warrants the inference that the tenant had paid the rent to the assignor since his occupancy of the premises. In my opinion, therefore, this purported assignment was colorable, and was made for the purpose of defeating the enforcement of a judgment that had been procured against the assignor in December, 1929.

In view of the fact that the assignment is colorable, and the petitioner is merely an agent, the third party order issued out of the City Court, Kings county, against the assignor, and served upon the tenant on the 23d day of June, 1931, restraining the tenant from paying any rent was valid and binding upon the tenant herein, and which this court was bound to and does recognize.

Petition dismissed, with costs.