45 MAIDEN LANE, INC., Landlord, Appellant, Respondent, *v.* REYNOLDS BUFFETS, INC., Tenant, Respondent, Appellant, ADOLPHE SCHWOB, INC., Intervenor, Respondent.

45 MAIDEN LANE, INC., Landlord, Appellant, *v.* CHARLES SHEBAIRA, Tenant, ADOLPHE SCHWOB, INC., Intervenor, Respondent.

45 MAIDEN LANE, INC., Landlord, Appellant, *v.* LOUIS BABCOCK, Tenant, ADOLPHE SCHWOB, INC., Intervenor, Respondent.*

Supreme Court, Appellate Term, First Department, April 28, 1932.

---

*Kreutzer & Slack* [*Meyer H. Slack* of counsel], for the landlord, appellant.

*Sidney C. Crane*, for the tenant, respondent, appellant, Reynolds Buffets, Inc.

*George A. Ferris*, for the intervenor, respondent, Adolphe Schwob, Inc.

*Samuel Weinreb*, for the tenant, respondent, Babcock.

PER CURIAM. The intervenor, respondent, was not in possession of the premises, and could not properly intervene in these summary proceedings by virtue of the assignment of rents which was not intended as an assignment of the lease. (*Erkins* v. *Tucker*, 62 Misc. 495; *810 West End Avenue, Inc.*, v. *Frankel*, 113 id. 338.) Nor was it afforded a possessory interest in the premises by paying the judgment entered in favor of Liberty Place Holding Corporation, since it thereby became subrogated only to the rights and remedies of the judgment creditor in relation to the debt. On the other hand, the landlord, appellant, having assigned the rents, was no longer entitled to institute summary proceedings for the non-payment of rent.

Final orders reversed, with thirty dollars costs to the tenant Reynolds Buffets, Inc., against the landlord, appellant, and the intervenor, respondent, and proceedings dismissed.

All concur; present, LEVY; CALLAHAN and UNTERMYER, JJ.