STEPHEN ESTATES, INC., Landlord, *v.* IRVING KAPLAN, Occupant.

Municipal Court of the City of New York, Borough of The Bronx, October 26, 1950.

*George Brussel, Jr.,* and *Eugene G. King* for landlord.

*Leo Isacson* for occupant.

FRANK, J. The problem in this holdover summary proceeding is posed by a motion to dismiss the petition "on the ground that the same fails to state facts constituting a cause of action."

New housing in this city, public and private, has produced a trickle of additional accommodations against the needs of more than a quarter of a million families who are desperately seeking them. This meager supply has occasioned a recurrence of one phase in the relationship of landlord and tenant, bedeviling the principals involved, creating confusion and a flood of repetitious litigation.

What are the rights of those involved, when a tenant lawfully in possession assigns or sublets an apartment to a third person? Is the new occupant a squatter to be dispossessed under subdivision 4 of section 1411 of the Civil Practice Act; or is the landlord's remedy a proceeding under section 1410 of the Civil Practice Act, after compliance with the regulations promulgated under chapter 250 of the Laws of 1950? Who are the necessary parties under such proceeding?

In the case at bar, the petition and precept are entitled "Stephen Estates, Inc., Landlord against Irving Kaplan, Occupant." The petition assailed is carefully drafted, not on a form, and alleges in part:

(3) " That on or about October 30th, 1945 petitioner, as Landlord, entered into a written agreement of lease with one Monroe Friedman, as Tenant, whereby petitioner leased to said Monroe Friedman, for the term of eleven months and twenty-five days, commencing November 5, 1945 and ending October 31, 1946, the premises known as apartment number C-4 in the building known as 2042 Grand Avenue, Borough of Bronx, City of New York ".

(5) " That paragraph ' 3 ' of said lease provided in part as follows: ' Tenant, and Tenant's heirs, distributees, executors, administrators, legal representatives, successors and assigns, shall not assign, mortgage or encumber this agreement, nor underlet, or use or permit the demised premises, or any part thereof to be used by others, without the prior written consent of Landlord in each instance '.

(6) " Upon information and belief, that subsequent to entering into said lease, and subsequent to entering into possession of said premises, said Monroe Friedman, on a date unknown to petitioner, assigned to the occupant herein, Irving Kaplan, his entire estate in and to said premises; that thereafter said Monroe Friedman vacated said premises and said Irving Kaplan gained occupancy thereof; that all of said acts were committed by said Monroe Friedman and said Irving Kaplan without the knowledge or consent of landlord and in contravention of the terms of said paragraph ' 3 ' of said lease between landlord and said Monroe Friedman.

(7) " That by reason of said assignment in breach of said agreement of lease, landlord duly demanded of said Irving Kaplan that he remove from said premises and deliver up the premises thereof to landlord.

(8) " That notwithstanding such demand, said Irving Kaplan continues to hold over and to remain in possession of said premises without the consent of landlord in writing or otherwise.

(12) " That the preliminary notice required under Sections 52 and 53 of the Rent and Eviction Regulations of the said Temporary State Housing Rent Commission has been duly given both to the occupant herein and to the Local Rent Office. A copy of said notice is annexed hereto, made part hereof, and marked Exhibit ' A '. A copy of the affidavit of service of said notice is annexed hereto, made part hereof and marked Exhibit ' B '."

Nowhere in this pleading is there an allegation that Kaplan, the occupant, squatted or intruded upon the premises, or that the proceedings are predicated on subdivision 4 of section 1411 of the Civil Practice Act. On the argument, however, there was

extended discussion asserting on one hand that Kaplan was a squatter and denied with equal vehemence on the other. The section read, in part, as follows: " Additional cases in which tenants *and others* be removed.  *  *  *

" 4. Where he or the person to whom he has succeeded has intruded into or squatted upon any real property without the permission of the person entitled to the possession thereof and the occupancy thus commenced has continued without permission from the latter ".

The person entitled to the possession of the apartment in question in the first instance, was the tenant, Friedman. The petition makes it abundantly clear that Friedman voluntarily delivered possession to Kaplan, whether by assignment or subletting is immaterial. Thus Kaplan's possession of the premises upon his entry was with the permission of the person (Friedman) entitled to possession.

The Court of Appeals, in a unanimous decision affirming the dismissal of a petition in a squatter proceeding, in the case of *Williams* v. *Alt* (226 N. Y. 283, 290, opinion by CHASE, J.), said: " A squatter is one who settles on the land of another without any legal authority.  *  *  *  The respondent  *  *  * entered upon the land in question by right under the life tenant, then living."

The Appellate Term, First Department (*Frazier* v. *Cropsey,* 124 Misc. 367) decided that one obtaining occupancy with the permission of the tenant entitled to possession is not a squatter or an intruder. The court said (pp. 367–368): " Cropsey having commenced his occupancy with the permission of the tenant Leone, then entitled to possession, was not a squatter or an intruder within the provisions of subdivision 4 of section 1411 of the Civil Practice Act.  *  *  *  Since it appeared that the appellant has ' permission ' of the tenant Leone to take occupancy, the question of whether the latter had breached his covenant against subletting was wholly immaterial."

The reasoning in this case follows the rule promulgated in *Commonwealth* v. *De Waltoff* (62 Misc. 639, opinion by SEABURY, J.) and *Lincoln Trust Co.* v. *Hutchinson* (65 Misc. 590, opinion by LEHMAN, J.). This principle has been adopted, approved and followed in *Mele* v. *Russo* (168 Misc. 760); *Wright* v. *Wright* (188 Misc. 268); *Herberg Realty Corp.* v. *Allen* (69 N. Y. S. 2d 181, affd. App. Term, April, 1947) and *Block* v. *Kennedy & Gruber, Inc.* (91 N. Y. S. 2d 504, affd. 276 App. Div. 843).

In *Stengel* v. *Morehead* (194 Misc. 1027 [App. Term, 1st dept.]) the court said: '' Having entered into possession with permission of the one entitled to possession, respondent is not a squatter or intruder within the provisions of subdivision 4 of section 1411 of the Civil Practice Act.''

The case of *Birdie Management Corp.* v. *Dunton* (60 N. Y. S. 2d 673) is clearly distinguishable for it was a proceeding by the landlord and the tenant entitled to possession against the respondent. So, too, is *Greif Realty Corp.* v. *Maroff* (82 N. Y. S. 2d 396 [App. Term, 2d dept.]) distinguishable. The opinion indicates that the tenant was out of possession when he sought to convey his interest to the occupant.

The facts as alleged in this petition closely follow those in *Viggiano* v. *Grojensky* (72 N. Y. S. 2d 15), in which the Appellate Term, First Department, said: '' Upon the facts of this case, the appellant is not a squatter. If his occupancy is in violation of the terms of the lease and the tenant has violated the provisions thereof by subletting to him, petitioner's remedy is to proceed in conformity with the provisions of Section 6 (a) (3) of the O. P. A. Regulations ''.

The conclusion is inescapable, from the cited decisions, that a squatter proceeding is not the remedy against an occupant if the transfer of the premises was made while the tenant was still in lawful possession.

The determination in the case at bar is that these proceedings are not maintainable under subdivision 4 of section 1411 of the Civil Practice Act.

The only other statutory provision for the maintenance of summary proceedings based upon the petition herein must be found in subdivision 1 of section 1410 of the Civil Practice Act which in part provides: '' In either of the following cases, a tenant or lessee at will * * * and his assigns, undertenants * * * may be removed * * * 1. When he holds over and continues in possession of the demised premises * * * after the expiration of his term without the permission of the landlord.''

In the absence of any prohibiting legislation, the landlord, by appropriate action, can terminate the tenancy and thus establish one of the prerequisites to the commencement of summary proceeding. Section 12 of the State Residential Rent Law of 1950 (L. 1950, ch. 250, amdg. L. 1946, ch. 274) supplies such prohibiting legislation. The pertinent section reads in part: '' No action or proceeding to recover possession of any housing

accommodation  *  *  *  shall be maintainable  *  *  *  notwithstanding the fact that the tenant has no lease or that his lease has expired  *  *  *  unless: (a) the tenant is violating a substantial obligation of his tenancy ''.

The conventional relationships of landlord and tenant, with privity of contract and privity of estate, existed as between Stephen Estates and Friedman prior to the expiration of the lease. That under the emergency housing laws, the provisions of a lease, except for the term and the rent reserved, are projected into and become a part of the statutory tenancy is now beyond question. (*Stern* v. *Equitable Trust Co.,* 238 N. Y. 267; *Whitmarsh* v. *Farnell,* 298 N. Y. 336; *Klipack* v. *Raymar Novelties,* 273 App. Div. 54; *130 West 57th Corporation* v. *Hyman,* 188 Misc. 92.)

Thus by operation of law the restriction against assignment or subletting of the premises in question imposed by the lease between the petitioner and Friedman carried over into the statutory tenancy after the expiration date of that agreement. If there was any violation of '' a substantial obligation of the tenancy '' as alleged in the petition, such as would give rise to the right of the landlord to maintain eviction proceedings, it was necessarily committed by the tenant.

Friedman, the tenant, is not, however, made a party to the proceedings. Kaplan, the only person named, therein, and the only person sought to be evicted is not named as tenant, assignee or subtenant. On the contrary, the petitioner specifically disavows the existence of any such relationships and meticulously avoids reference to him other than as '' occupant.'' It would seem to be axiomatic that there can be no '' violation of a substantial obligation of his tenancy '' if no tenancy exists.

One of the essential requisites for a summary proceeding under subdivision 1 of section 1410 of the Civil Practice Act is the existence of the relationship of landlord and tenant, however created. The section so specifies and the decisions so hold. The Court of Appeals in 1879 (*People ex rel. Ainslee* v. *Howlett,* 76 N. Y. 574, 580) in interpreting the Revised Statutes from which this section stems, said: '' The essential requisite to authorize these proceedings is that the conventional relation of landlord and tenant should exist.'' To like effect is *Reich* v. *Cochran* (201 N. Y. 450); *Matter of Gladstone* v. *Drew* (257 App. Div. 696); *Sackman* v. *Tuckman* (141 Misc. 166), and *Needelman* v. *Moskowitz* (35 N. Y. S. 2d 355).

Consequently we must determine that these proceedings cannot be maintained without the inclusion of the tenant charged

with the violation of the terms of the lease as a necessary party. There is a paucity of reported decisions on this precise problem. The rule, generally stated, is that in every proceeding of a judicial nature, whether in rem, in equity or at law, the necessary parties are those who have an interest in the subject matter of the proceeding and whose rights may be concluded by the judgment.

Subdivision 1 of section 193 of the Civil Practice Act provides: " A person whose absence will prevent an effective determination of the controversy or whose interests are not severable and would be inequitably affected by a judgment rendered between the parties before the court is an indispensable party."

The petitioner urges that the tenant, Friedman, is not a necessary party and relies upon *220–228 Brook Ave. Corp.* v. *Zaft* (151 Misc. 231). That case is not authority for its position. The problem there presented was the propriety of a ruling dismissing the petition against the assignor of a lease to which assignment the landlord had assented. The Appellate Term in reversing the decision stated that the " tenant was a proper party if not a necessary one ". No determination was made, nor was it essential, as to whether the tenant was a necessary or indispensable party. Moreover, the controversy involved nonpayment of rent and the liability therefor. In the case at bar, the petition does not allege a consent to an assignment, but on the contrary, a denial of such consent is most explicitly pleaded.

The case of *Schlaich* v. *Blum* (42 Misc. 225) by analogism, applies to the problem here presented. In that case, the landlord sought to dispossess subtenants as holdovers without including the principal tenant in the proceeding. The Appellate Term in affirming a final order in favor of these subtenants said (p. 230): " Belding Brothers & Co. are necessary parties to the proceeding."

This failure to bring the tenant before the court as a necessary party cannot be cured by an application to amend the proceedings to include him (*Liberty Place Holding Corp.* v. *Schwob, Inc.*, 136 Misc. 405, affd. 229 App. Div. 841).

The regulations adopted by the State Rent Administrator pursuant to the statute above mentioned provides for evictions both with and without certificates to be issued by him. Subdivision 1 of section 52 authorizes action without a certificate where " The tenant is violating a substantial obligation of his tenancy * * * and has failed to cure such violation after written notice by the landlord that the violation cease ".

There is no allegation that a notice was served upon the tenant. The petition does allege the service of a notice upon Kaplan. That notice, annexed to the petition and made a part of it by incorporation, recites " that you have gained occupancy of said premises illegally and without the knowledge or consent of the landlord and that you are not a Tenant of said apartment premises within the meaning of said regulations."

Neither the notice nor its service upon the occupant complies with the requirements of the regulations.

It has been argued that a landlord has no remedy where there is no expired lease prohibiting assignment or subletting which is projected into the statutory tenancy and where under such circumstances the tenant puts another into possession without the consent of the landlord. This contention does not appear sound. Subdivision 1 of section 56 empowers the State Rent Administrator to issue a certificate of eviction in such circumstances. This interpretation of the section has been adopted by the Temporary State Housing Rent Commission. (Administrator's Opinion, No. 57.)

Thus the distinction made in the regulations is that no certificate is necessary where there is a violation of the terms of an expired lease; but where the letting was without such agreement the issuance of a certificate by the administrator is a requirement preliminary to court action.

In view of the tensions created by the acute housing shortage and the attendant irritations resulting when petitions are dismissed for a failure to comply with the statutory enactments, it may be well to reiterate the basic rules. A summary proceeding is a special proceeding governed entirely by statute. (*Handshke* v. *Loysen,* 203 App. Div. 21). There must be strict compliance with these statutory requirements to give the court jurisdiction (*Matter of Smith* v. *Norton,* 204 App. Div. 248; *Hanover Estates* v. *Finklestein,* 194 Misc. 755). Designed by the Legislature as a substitute for the ancient, cumbersome and expensive action in ejectment, the Civil Practice Act prescribes in detail each of the procedural steps essential to a successful prosecution of the inexpensive and expeditious summary proceedings. There should be meticulous adherence to them.

For the reasons hereinbefore stated, the petition is dismissed, without prejudice to such new proceeding as the landlord may elect to take.