Feed A. Dickinson, J.
This is a summary proceeding to recover certain real property leased under an oral rental agreement. The proceeding seeks to recover possession and the claimed unpaid rent. The notice of petition was made returnable on the 19th day of July, 1965. The notice of petition and petition have annexed thereto a purported affidavit of service, which in addition to being incomplete as to form also inaccurately recites that the ‘ ‘ precept and petition ’ ’ were served upon the tenant on the 3d day of July, 1965.
The latter has interposed an answer which, inter alia, sets up (a) a defense that the notice of petition and petition were served more than 12 days before the return date and, (b) a second defense that the landlord failed to file the notice of petition and petition with proof of service thereon, at least three days after the date of service. The other defenses in the answer raise issues of fact which are not necessary to be considered here. There is, therefore, raised by the filing of the answer two defenses which create a question of law which must be resolved before a plenary trial could be had on the remaining issues presented which are factual in nature.
A summary proceeding is a special proceeding governed entirely by statute; (Handshke v. Loysen, 203 App. Div. 21; Liberty Place Holding Corp. v. Schwob, 136 Misc. 405; Stephen Estates v. Kaplan, 198 Misc. 948) and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction; (Matter of Smith v. Norton, 204 App. Div. 248; Hanover Estates v. Finkelstein, 194 Misc. 755); and the essentials of the petition, notice of petition precept (formerly precept) are specifically regulated and strictly construed. (Smith v. Keech, 112 N. Y. S. 2d 803, 805; Babcock v. Dean, 140 Misc. 800; Matter of Smith v. Norton, supra).
The statutory procedures for the removal of a tenant are delineated in the Real Property Actions and Proceedings Law and so much of that statute as is pertinent here may be found in subdivision 1 of section 733 which reads: ‘ ‘ the notice of petition and petition shall be served at least five and not more than twelve days before the time at which the petition is noticed to be heard ” (italics supplied).
*419 Measuring the period here in controversy it is readily apparent that more than 12 days elapsed between the date of service and the return date set forth in the notice of petition. The span of 16 days was therefore in direct contravention of the statute and a departure from the prescribed procedural steps essential to the proceeding.
With reference to the second defense, viz. the failure to file within three days after service. It is provided in subdivision 3 of section 733 of the Real Property Actions and Proceedings Law that: 1‘ The notice of petition, on order to show cause, and petition together with proof of service thereof shall be filed with the court before which the petition is to be heard within three days after service ”. The tenant’s contention in this regard is not disputed, and must be sustained.
Since the service and filing of the notice of petition and petition are processes which confer jurisdiction and were here performed, or failed of performance contrary to the statute, there is a jurisdictional defect which deprives this court of jurisdiction. Accordingly the court is constrained to dismiss the petition without prejudice to the commencement of a new proceeding based upon proper service and filing, without costs.