Irving Younger, J.
This case raises a point of practice apparently overlooked or misunderstood by some lawyers active in the landlord-tenant field. The issue, in a nutshell, is the manner in which the petition should be verified in a proceeding under article 7 of the Real Property Actions and Proceedings Law.
*1012 That the petition be verified was ordered by the Legislature in 1965. (Real Property Actions and Proceedings Law, § 741, as amd.) The proceeding itself may be brought by the landlord or by any of some 20 other kinds of persons, among whom are the landlord’s attorney or agent. (Real Property Actions and Proceedings Law, § 721.) The form of verification required of the person who, pursuant to section 721, does bring the proceeding is specified, not by the Real Property Actions and Proceedings Law, but by the CPLR. CPLR 402 says that the petition in a special proceeding shall comply with the requirements for complaints, and the requirements for complaints with respect to verification are set forth in CPLR 3020.
So much for basics. How is a lawyer to apply them? There are three possibilities:
First. The proceeding is brought by the landlord, and the petition is verified by the landlord himself (or itself, should the landlord be a corporation or partnership). In this case, the caption reads, “ John Landlord, petitioner, against James Tenant, respondent, ’ ’ and the landlord verifies the petition as a party in accordance with the terms of CPLR 3020 (subd. [d]).
Second. The proceeding is brought by the landlord’s attorney or agent, and the petition is verified by the attorney or agent. In this case, the caption reads “ Simon Attorney, petitioner, against James Tenant, respondent,” or perhaps “ Simon Attorney, petitioner (as attorney for John Landlord), against James Tenant, respondent, ’ ’ and the attorney or agent, a party by operation of subdivision 8 of section 721 of the Real Property Actions and Proceedings Law verifies the petition as a party in accordance with the terms of CPLR 3020 (subd. [d]).
Third. The proceeding is brought by the landlord, and the petition is verified by the attorney or agent. In this case, the caption reads, “ John Landlord, petitioner, against James Tenant, respondent,” and the petition is verified not by a party, but by the party’s representative. The verification must, in consequence, meet the terms of CPLR 3020 (subd. [d]) with respect to verification by representatives. For example, an attorney may verify for a party only if the facts fit one of the situations described in CPLR 3020 (subd. [d], par. 3).
This case illustrates the third possibility. The proceeding was brought by the landlord, as the caption states, and the petition was verified by the attorney. Since he was not named as the petitioner, the attorney’s verification is valid only if facts are alleged which show that the case is one in which, under CPLR 3020 (subd. [d], par. 3) a representative’s verification is proper. None were. It follows that the verification is bad.
*1013 Respondent urges that this makes the proceeding ‘ ‘ jurisdictionally ’ ’ defective. The label “jurisdictional” is a conclusion, not a reason. It is enough in this case to note that the statutes require a verified petition and permit respondent to challenge an insufficient verification so long as he gives timely notice of his objection. (CPLR 3022.) Here, respondent’s answer did adequately give the necessary notice. So I must view the petition as unverified and, going no further, dismiss it.