Bentley Kassal, J.
Respondent moves to dismiss the petition in this nonpayment summary proceeding on five grounds: (1) the rental agreement is not sufficiently pleaded; (2) the demand for rent is not sufficiently pleaded; (3) the petitioner is not acting in his own name for possession or judgment; (4) the petition is not properly verified; (5) there is no explanation why the petition is not made by a party.
(1) SUFFICIENCY OF PLEADING — RENTAL AGREEMENT
The petition states in paragraph 2, that respondent is the tenant "who entered in possession thereof under a rental agreement between respondent and the landlord (landlord’s predecessor), wherein respondent promised to pay landlord as rent $77.25 each month in advance on the first of the month.”
Respondent claims that this statement is defective because it "does not state whether the alleged rental agreement was oral or in writing, the date of the alleged agreement, or whether it was with the present landlord or his predecessor” citing three cases as authority.
An examination of these cases, however, does not support respondent’s conclusion. Ross v New York City Baptist Mission Soc. (23 Misc 683), involved summary proceedings by an alleged lessee to regain possession of premises which she claimed had been forcibly entered and detained. It was held that a description of her interest, whether a tenant for a term, at will or at sufferance, was essential. The same court, however, in a companion case distinguished the type of proceeding involved in the Ross case (supra), from a nonpayment proceeding, noting in the latter instance, that "the affidavit of the landlord need not state the date or duration of the lease, by virtue of which rent is claimed.” (Potter v New York City Baptist Mission Soc., 23 Misc 671, 677.)
Similarly, Rauch v Cousminer (71 NYS2d 128), a short memorandum decision, merely held that the petition must state the date of the expiration of the term, if the tenant is alleged to have held over.
Finally, as to the last case cited, Matthews v Carman (122 App Div 582), I agree with Judge Werner's opinion for a unanimous court, in Reich v Cochran (201 NY 450, 455), wherein, referring to the Matthews case, he stated: "The effect of the code revision was to bring summary proceedings within the range of our remedial procedure, and not to render them *863 more technical than they were before. They are still statutory proceedings, in the prosecution of which the requirements of the statute must be met, and they are usually instituted in courts of circumscribed jurisdiction, where the right to act depends upon the sufficiency of the record. But they should not be so hypercritically restricted as to destroy the very remedy which they are designed to afford. We think the provisions of section 2235 of the Code of Civil Procedure were construed too narrowly in * * * Matthews v Carman (122 App Div 582)”. (Emphasis added.)
As the petition herein clearly states, this proceeding is based on nonpayment of rent, no greater than the maximum established and fixed by the office of rent control. As such, the alleged rental agreement has been sufficiently pleaded. Nor is petitioner required to plead how the landlord derived his title (Bay West Realty Co. v Christy, 61 Misc 2d 853) or with whom the rental agreement was made. If the petitioner is now the landlord and that fact is stated, it is sufficient (Reich v Cochran, 201 NY 450, 455). Amplification of the pleadings, if desired, may be obtained through a bill of particulars.
My decision on this issue is limited to the facts presented and where proceedings are brought against a tenant holding over after the expiration of term, I would agree with the reasoning of Rauch v Cousminer (71 NYS2d 128, supra). Also, where an exemption from rent control regulations is claimed, additional facts regarding the rental agreement are required, especially since the enactment of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) (353 Realty Corp. v Disla, 81 Misc 2d 68; see, generally, Giannini v Stuart, 6 AD2d 418).
(2) SUFFICIENCY OF PLEADING-DEMAND FOR RENT
The printed petition herein states: "6. That said rent has been duly demanded personally from the tenant since the same became due or a three day notice has been duly served on said tenant demanding payment of said rent.” (Emphasis added.)
Respondent contends that the failure to specify whether the demand was oral or in writing, or to give the date of the demand, renders the petition defective.
It may be argued that such a defect is "jurisdictional” (see Moller v Bob and George’s Duplex, NYLJ, May 14, 1973, p 2, *864 col 1.), but that term, in relation to petition defects, has been so overused and abused that it has lost its original meaning. (See, Rosgro Realty Co. v Braynen, 70 Misc 2d 808, 810; Hirent Realty Corp. v Mosley, 64 Misc 2d 1011, 1013.) Unquestionably petitioner has the burden of proving a demand, either personal or by a three-day written notice, and failure of such proof requires dismissal of the proceeding. (Tolman v Heading, 11 App Div 264; Sasse v Cohen, 128 NYS 654; Fleisher v Wolff, 91 NYS2d 427; Oberlies v Oliva, 45 Misc 2d 533.)
Further, upon default by tenant, the petition alone will not support judgment unless it specifies in what form demand was made and how it was served. (People ex rel. Morgan v Keteltas, 12 Hun 67; Boyd v Milone, 24 Misc 734; Matter of Stuyvesant Real Estate Co. v Sherman, 40 Misc 205.)
However, the mere failure to allege the specific form of demand, should be considered a defect in pleading, which under the wide latitude granted by CPLR 3025 and CPLR 3026, may be corrected by amendment any time before conclusion of trial. (Cf. Rosgro Realty Co. v Braynen, 70 Misc 2d 808, supra; 34 & 7 Realopp Corp. v Seafood City, 71 Misc 2d 302.)
Had petitioner cross-moved to amend by striking one of the above two alternative allegations (or so stipulated) such motion would have been granted and the present motion to dismiss denied. But the petitioner failed to clarify the form of demand relied upon. At this stage, therefore, I am treating this allegation as a nullity requiring dismissal of the petition for failure to state a cause of action. (See Booke v Griffith, NYLJ, Dec. 23, 1974, p 12, col 4; Margolies v Lawrence, 67 Misc 2d 468.)
(3) RIGHT OF ATTORNEY TO MAINTAIN PROCEEDING
Respondent’s sophisticated, though strained, arguments on this point may be summarized as follows: (a) The attorney petitioner requests judgment for "the landlord”, not for himself. (b) A party not entitled to possession of premises, may not commence proceedings to recover possession, in his own name (citing 45 Maiden Lane v Reynolds Buffets, 143 Misc 679; Matter of Hosley, 56 Hun 240; Sackman v Tuckman, 141 Misc 166). (c) Only the principal or agent authorized to take possession in the name of the principal may be the petitioner, (d) Section 747 of the Real Property Actions and Proceedings Law states that the judgment of the court shall determine the rights of the parties. Subdivision 1 of section 749 of the Real *865 Property Actions and Proceedings Law requires that after "a final judgment for petitioner, the court shall issue a warrant * * * to put the petitioner into full possession.” (Emphasis in respondent’s brief.) Therefore, if the attorney petitioner does not seek to have his right to possession determined, he is not a proper party, (e) Finally, since petitioner has not stated his interest in the premises pursuant to subdivision 1 of section 741 of the Real Property Actions and Proceedings Law, he evidently has none.
Only three cases are cited by respondent in support of this argument, and each is readily distinguishable: the petitioner in 45 Maiden Lane v Reynolds Buffets (143 Misc 679, supra) was the assignee of rents only; Matter of Hosley (56 Hun 240, supra) pertains to a mortgagee with power of attorney to rent the premises and collect rents; finally, Sackman v Tuckman (141 Misc 166, 167, supra) involving an intricate fact pattern not relevant to the principle cited, states: "There is no doubt that * * * the petitioner herein, was authorized to commence this proceeding in his representative capacity (Civ Prac Act, § 1414, subd. 6), and that the petition sets forth sufficient facts, in his representative capacity, for the court to acquire jurisdiction.” (However, the petition was dismissed because the petitioner proceeded as a principal, under a colorable assignment.)
The right of an agent to maintain a summary proceeding existed even under the Code of Civil Procedure. In Case v Porterfield (54 App Div 109, 110), the court stated: "Section 2235 of the Code of Civil Procedure authorizes the 'application’ to be made by the landlord or lessor, or by the agent of the landlord. We think this authorizes the entitling of the proceedings and the issuance of the precept in the name of [the agent], who is stated in the petition to be the 'agent of * * * owner in fee’ of the premises.”
Further, where the petitioner acted in a representative capacity, without personal interest in the property, he was required by statute to state his agency and the interest of his principal. (Code Civ Pro, § 2235; Case v Porterfield, supra, p 110; Powers v De O., 64 App Div 373; Civ Prac Act, § 1415; Rowland v Dillingham, 83 App Div 156.) While the express requirement has been omitted from the Real Property Actions and Proceedings Law, there is no reason why it should cease to be a proper and necessary statement of the petitioner’s interest. (2 Rasch, New York Landlord and Tenant [2d ed], § 1226.)
*866 Summary proceedings are statutory in origin and governed entirely by the express terms of the statute. (See, e.g., Reich v Cochran, 201 NY 450, 455, supra; Handshke v Loysen, 203 App Div 21; Liberty Place Holding Corp. v Schwob, 136 Misc 405, affd 229 App Div 841; Stephen Estates v Kaplan, 198 Misc 948; Goldman Bros. v Forester, 62 Misc 2d 812.) Prior to the enactment of the Real Property Actions and Proceedings Law, an "attorney” was not expressly enumerated as one of the persons entitled by statute to maintain a summary proceeding. Although barred from maintaining proceedings in his capacity as an attorney, the same attorney had been permitted to maintain such proceedings as the designated agent of the landlord. (Redmont Sales Corp. v Leros Stationery, 158 NYS2d 815.)
With the enactment of the Real Property Actions and Proceedings Law, however, an "attorney” joined the ranks of "agent”, "assignee” and over a dozen other persons who may maintain a summary proceeding. (Real Property Actions and Proceedings Law, § 721, subd. 8.)
While no legislative intent has been ascertained for including "attorney” within the class enumerated in section 721 of the Real Property Actions and Proceedings Law, statutory changes relating to summary proceedings, traditionally have been designed to provide the landlord with "a simple, expeditious and inexpensive means of regaining possession of his premises in cases where the tenant refused upon demand to pay rent”. (Reich v Cochran, 201 NY 450, 454.)
The most reasonable interpretation of this section, and the one which I must therefore apply, is that an attorney, authorized by the landlord, may commence such proceedings pursuant to subdivision 8 of section 721 of the Real Property Actions and Proceedings Law.
Finally, I do not agree with respondent’s argument that summary proceedings may not be maintained by one with no personal right to possession. This may well be the general rule, but at least one exception appears in section 715 of the Real Property Actions and Proceedings Law, permitting a neighboring owner or tenant to commence a summary proceeding where use or occupancy is illegal, and there is no reason why subdivision 8 of section 721 of the Real Property Actions and Proceedings Law should not provide a similar exception.
*867 (4) SUFFICIENCY OF VERIFICATION.
Having decided in (3) above, that an attorney is a proper party petitioner, the next issue is how such a petition must be verified. As a party, the attorney is the proper person to verify the petition. (CPLR 3020, subd. [d]; CCA, § 908; Hirent Realty Corp. v Mosley, 64 Misc 2d 1011.) Two problems, however, remain.
A. The first basis on which respondent challenges the verification is that the petitioner, an attorney, elected to affirm his verification (rather than swear to it before a notary). While several decisions have permitted such procedure pursuant to CPLR 2106 (see, e.g., Canada Leasing Corp. v Prather, NYLJ Jan. 31, 1972, p 18, col 4; see also, Sandymark Realty Corp. v Creswell, 67 Misc 2d 630), there appear to be no reported decisions on this issue since that section was amended in 1973.
As amended the statute now reads (CPLR 2106): "The statement of an attorney admitted to practice in the courts of the state [and appearing in an action as attorney of record or as of counsel with the attorney of record] or of a physician, osteopath or dentist, authorized by law to practice in the state, who is not a party to an action, when subscribed and affirmed by him to be true under the penalties of perjury, may be served or filed in the action in lieu of and with the same force and effect as an affidavit.” (Matter emphasized is new; matter in brackets is deleted by the amendment; Nineteenth Annual Report of NY Judicial Conference, 1974, p 62, Proposal No. 3.)
The ambiguity is readily apparent (see 2A Weinstein-KornMiller, NY Civ Prac, par. 2106.01).
The question raised is simply whether the phrase "who is not a party to an action” applies to attorneys as well as the list of licensed professionals added by the 1973 amendment. A thorough review of legislative documents fails to reveal any express intent. In the absence of such evidence sound judicial interpretation requires a determination of what has been called "legislative common law”. (2A Sutherland, Statutes and Statutory Construction [4th ed, 1972], § 45.10.) This concept is simply a recognition of the fact that legislative development, especially by amendment, does not generally consist of a series of unprecedented and unrelated sporadic enactments; rather new acts or amendments expand a basic policy of regulation found in their predecessors. Thus, the investigation *868 must be greater than the literal inquiry of in pari materia; it must discover basic policy and trace its development through prior regulations. (2A Sutherland, Statutes, and Statutory Construction [4th ed, 1972], § 45.10.)
The intent behind CPLR 2106, as originally enacted, is clear from the Sixth Report to the Legislature by the Senate Finance Committee relative to the Revision of the Civil Practice Act (1962), which reads: "The purpose of the subdivision is to save an attorney appearing in a civil action the trouble of taking an oath where he must presently make an affidavit or verification of a paper to be served or filed in the action * * * [swearing to an affidavit] is particularly burdensome to the attorney practicing in a small law office.” (NY Legis Doc, 1962, No. 8, p 206.)
What then was the intent of the amendment? The comment to Proposal No. 2 of the Judicial Conference Report to the 1973 Legislature states (Nineteenth Annual Report of N.Y. Judicial Conference, 1974, pp A61-A62):
"The proposed change would broaden the rule and would add non-party physicians, osteopaths and dentists licensed to practice in this state as professionals who may file in an action a statement affirmed by them in lieu of an affidavit. At present this may be done only by an attorney licensed to practice in the courts of this state and who appears as attorney of record or as of counsel in an action.
"There has been increasing demand on the part of attorneys that the convenience and courtesy of the rule be extended to other professionals who are often called upon to submit verified papers in court proceedings”. (Emphasis added.)
The purpose of CPLR 2106 as originally enacted, was clearly to simplify the attorney’s practice. (Macri v St. Agnes Cemetery, 44 Misc 2d 702.) The Advisory Committee’s comments on the amendment nowhere discuss restricting these privileges already granted to attorneys; on the contrary, the amendment removes the requirement that the affirmant be attorney of record or as of counsel, and "extends” the privilege (in response to the demand of attorneys) to other professionals. The whole thrust appears to be towards broadening and extending.
In the absence of any clear manifestation of an intention to change this pattern of simplifying such procedure, it must not be imputed. (Homnyack v Prudential Ins. Co., 194 NY 456.) Nor do the canons of construction require otherwise. (Matter *869 of Brooklyn El. R. R. Co., 125 NY 434, 444.) Therefore, I find that an attorney who is a party, as herein, may affirm.
b. Respondent also challenges the form of the verification. The printed petition herein states:
"1. Petitioner is authorized to institute and maintain this proceeding and is the attorney for Becktan Realty Corp. the owner and/or landlord of the premises hereinafter described.
"The following allegations are made upon information and belief:”
The nine paragraphs that follow this statement contain all of those allegations which are mandated and which must be verified pursuant to section 741 of the Real Property Actions and Proceedings Law.
To understand the implications of this form of pleading, it is helpful to examine the legislative history of this section. When first enacted, section 741 of the Real Property Actions and Proceedings Law did not require verification. (L 1962, ch 312.)
Some years later, section 741 of the Real Property Actions and Proceedings Law was amended to require verification. (L 1965, ch 910.) The 1965 New York State Legislative Annual (p 163) explained the basis for the amendment as follows:
"The CPLR does not allow default judgments except on proof by affidavit of the default and the claim. Summary proceedings have not heretofore involved such proof; the verification of the petition supplied the sworn proof of claim, which the law required. In the absence of verification, the petition would not serve as an adequate basis for a default judgment. Since in summary proceedings, a vast number of cases go by default, the proposed amendment, requiring verification of the petition, would obviate the need of subsequent affidavits”. (Emphasis added.)
An affidavit of an attorney who, as here, claims no personal knowledge of the facts would have no probative value (Israel-son v Rubin, 20 AD2d 668, affd 14 NY2d 887) and a petition, in the form used herein, would not alone support a default judgment for the petitioner. (See Sandymark Realty Corp. v Creswell, 67 Misc 2d 630, supra.)
Thus, the only remaining question is whether such a petition is sufficient to commence summary proceedings. CPLR 3021 states: "The affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent, *870 except as to the matters stated to be alleged on information and belief, and that as to those blatters he believes it to be true. If it is made by a person other than the party, he must set forth in the affidavit the grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party.”
The form of verification, as stated above, is the same whether the pleading be a complaint in an action or a petition in a summary proceeding. (Reserve Finance Corp. v Rosen, 127 Misc 591; Stuyvesant Real Estate Co. v Sherman, 40 Misc 205, supra.)
The petition herein complies with the first sentence of CPLR 3021. The verification is by the attorney petitioner who qualifies as a “party” pursuant to subdivision 8 of section 721 of the Real Property Actions and Proceedings Law (Hirent Realty Corp. v Mosley, 64 Misc 2d 1011, supra) and, therefore, neither the second sentence of CPLR 3021 nor any other provision requires any further statement.
This is the most logical construction of the various cited provisions, and that which must be followed. In providing that summary proceedings may be commenced by the landlord’s attorney, the Legislature is presumed to have been aware of the interaction of section 721 of the Real Property Actions and Proceedings Law with the various provisions of the CPLR. (See Matter of Erikson v Helfand, 1 AD2d 59, affd 1 NY2d 775.)
Respondent contends, nevertheless, that the petitioner herein must either verify on the basis of actual knowledge or comply with CPLR 3020 (subd. [d]) which governs verification by an attorney. Such a limitation would render subdivision 8 of section 721 of the Real Property Actions and Proceedings Law futile, and it is axiomatic that a court should not impute to the Legislature an intent to enact a purposeless provision or, unless the language compels, construe a provision in such a manner as to render it ineffective. (Johanns v Ficke, 224 NY 513; Matter of Klipp v New York State Civ. Serv. Comm., 42 Misc 2d 35, affd 22 AD2d 854, affd 15 NY2d 880.) Rather, so far as possible, the language of the Legislature must be given full force and effect by such a construction as will make the statute practicable, just and reasonably convenient. (Rosenplaenter v Roessle, 54 NY 262, 265.)
Thus, respondent’s contention is without merit and the verification is sufficient for the commencement of the proceed *871 ing, but not sufficient for the entry of judgment by default. It has been the practice of the clerks of this court to require an affidavit, based on personal knowledge, as a prerequisite to the entry of a default judgment in an action at law. The policy is sound and applicable herein.
(5) EXPLANATION WHY PETITION IS NOT BY PARTY
Since in (3) and (4) above the attorney was found to be a proper party, no explanation is required under CPLR 3021.
Judgment for respondent on motion 2. Petition dismissed.