*900 OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioner has brought a claim for possession of the disputed premises. The petitioner claims that the current occupant is a squatter, as she was never given permission to reside at the premises by the owners of the dwelling. The respondent has brought a motion to dismiss on the grounds that since she had permission to live in the apartment with her mother prior to her mother’s death, she cannot be considered a squatter, and thus this proceeding cannot continue.
RPAPL 713 (3) provides that a special proceeding may be maintained where
“[h]e or the person to whom he has succeeded has intruded into or squatted upon the property without the permission of the person entitled to possession and the occupancy has continued without permission or permission has been revoked and notice of the revocation given to the person to be removed.”
A squatter is defined as “one who settles on the lands of another without any legal authority.” (’Williams v Alt, 226 NY 283, 290 [1919].) The respondent was granted permission to stay with her elderly mother, the signatory of the lease. The respondent claims that the original tenant called the petitioner’s office and spoke to Ms. Karen Richards about the respondent moving into the apartment. The respondent claims that Ms. Richards requested that the tenant submit a letter to the landlord with a doctor’s note explaining the benefit that the tenant would receive from having her daughter move into the apartment. In a letter dated September 25, 2006, the tenant provided a doctor’s note and explained the need for the daughter to move into the apartment. The landlord denies that it ever received a letter; however, the letter does indicate that the respondent had permission from the tenant to be on the premises. Thus, the respondent does not fit the statutory definition of a squatter, as she was given permission by the original tenant of the apartment to live in the apartment.
The petitioner contends that the respondent cannot remain in the apartment since she does not satisfy the residency requirements, which is either to be over 62 or to be a disabled person. However, while this may be correct, the current action brought by the petitioner cannot stand, as the respondent cannot legally be considered a squatter. Thus, the petitioner must seek remedies outside of the current claim. (See, Viggiano v *901 Grojensky, 72 NYS2d 15 [App Term, 1st Dept 1947].) As was stated in Stephen Estates, Inc. v Kaplan (198 Misc 948, 952 [NY City Mun Ct, Bronx 1950]), “a squatter proceeding is not the remedy against an occupant if the transfer of the premises was made while the tenant was still in lawful possession.” Since the respondent was living in the apartment, with permission from the original tenant, prior to the original tenant’s death, she was not a squatter. However, this does not necessarily mean she can remain on the premises if it is in violation of the lease.
Thus, for the above-stated reasons, the petition to evict the respondent on the grounds that she is a squatter must be dismissed without prejudice to petitioner instituting a new proceeding.